**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas

(State)

Case number *(if known)*: _____     Chapter  11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| **1. Debtor's Name** | Gastar Exploration Inc. |
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Gastar Exploration, Inc., Gastar Exploration USA, Inc. |
| **3. Debtor's federal Employer Identification Number (EIN)** | 38-3531640 |

**4. Debtor's address**

**Principal place of business**

1331 Lamar Street
Number        Street

Suite 650

Houston, Texas 77010
City                          State      Zip Code

Harris
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City                          State      Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                          State      Zip Code

| | |
|---|---|
| **5. Debtor's website (URL)** | http://www.gastar.com/ |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor _____Gastar Exploration Inc._____   Case number *(if known)* _____
           Name

---

**7. Describe debtor's business**

**A.** *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2111 (Oil and Gas Extraction)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

 ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

 ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

 ☒ A plan is being filed with this petition.

 ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

 ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

 ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                        MM/DD/YYYY

   District _____   When _____   Case number _____
                                        MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   **See Rider 1**_____   Relationship   **Affiliate**_____

   District   **Southern District of Texas**_____

              When   **10/31/2018**_____
                                                                                    MM / DD / YYYY

   Case number, if known _____

---

Debtor _____Gastar Exploration Inc._____     Case number *(if known)* _____
      Name

| | |
|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:*<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>    What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?**<br><br>_____<br>  Number     Street<br><br>_____  _____  _____<br>  City             State   Zip Code<br><br>**Is the property insured?**<br><br>☐ No<br>☐ Yes.  Insurance agency _____<br>           Contact name _____<br>           Phone _____ |

**Statistical and administrative information**

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49           ☐ 1,000-5,000      ☐ 25,001-50,000<br>☐ 50-99         ☐ 5,001-10,000    ☐ 50,001-100,000<br>☐ 100-199      ☒ 10,001-25,000  ☐ More than 100,000<br>☐ 200-999 |
| **15. Estimated assets** | ☐ $0-$50,000        ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000   ☐ $10,000,001-$50 million   ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000  ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million   ☒ $100,000,001-$500 million  ☐ More than $50 billion |

Debtor    Gastar Exploration Inc.                                    Case number *(if known)*
          Name

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____10/31/2018_____
            MM/ DD / YYYY

✗  _/s/ Michael A. Gerlich_                              Michael A. Gerlich
   Signature of authorized representative of debtor      Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

✗  _/s/ Matthew D. Cavenaugh_          Date   _____10/31/2018_____
   Signature of attorney for debtor            MM/ DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number              Street

**Houston**                              **Texas**        **77010**
City                                     State            ZIP Code

**(713) 752-4200**                       **mcavenaugh@jw.com**
Contact phone                            Email address

**24062656**                   **Texas**
Bar number                     State

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GASTAR EXPLORATION INC., | ) | Case No. 18-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

---

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-35211**

2.   The following financial data is the latest available information and refers to the debtor's condition on **September 30, 2018**

(a)   Total assets    $   **341,500,000**

(b)   Total debts (including debts listed in 2.c., below)    $   **453,800,000**

(c)   Debt securities held by more than 500 holders

Approximate number of holders:

| secured ☐ | unsecured ☐ | subordinated ☐ | $ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |

(d)   Number of shares of preferred stock    **Series A - 4,045,000
Series B - 2,140,000**

(e)   Number of shares of common stock    **218,933,504**

Comments, if any:

3.   Brief description of debtor's business:
The Debtors are a pure-play, independent E&P company engaged in the exploration, development, and production of oil and condensate, natural gas, and natural gas liquids ("NGLs").  The Debtors' principal business activities include the identification, acquisition, and subsequent exploration and development of oil and natural gas properties with an emphasis on unconventional reserves, such as shale resource plays.  The Debtors' principal operations are conducted in the Sooner Trend of the Anadarko Basin in Canadian and Kingfisher Counties, Oklahoma, commonly referred to as the "STACK" shale play.  Headquartered in Houston, Texas, the Debtors employ approximately 40 individuals.

4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **Funds affiliated with Ares Management LLC (25.90%)**

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the:<br><br>Southern District of Texas<br><br>(State)<br>Case number *(if known)*: _____     Chapter ___11___ |

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Gastar Exploration Inc.

- Gastar Exploration Inc.
- Northwest Property Ventures LLC

## OMNIBUS RESOLUTIONS OF THE BOARD
## OF DIRECTORS OF GASTAR EXPLORATION INC. AND SOLE
## MEMBER AND MANAGER OF NORTHWEST PROPERTY VENTURES LLC

### October 30, 2018

At a telephonic meeting on October 30, 2018, of the board of directors (the "***Authorizing Body***") of Gastar Exploration Inc. and the sole member/manager of Northwest Property Ventures LLC (each a "***Company***" and, collectively, the "***Companies***"), each of the Companies' respective Authorizing Body took the following actions and adopted the following resolutions:

**Chapter 11 Filing**

WHEREAS each Authorizing Body has reviewed and considered certain materials presented by each Company's management (the "***Management***") and financial, restructuring, and legal advisors (collectively, the "***Advisors***") including, but not limited to, materials regarding the liabilities and obligations of each Company, each Company's liquidity, the strategic alternatives available, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company; and

WHEREAS the Board has had the opportunity to consult with the Management and the Advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT RESOLVED that, in the judgment of the Board, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (the "***Chapter 11 Cases***") under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas or another court of proper jurisdiction (the "***Bankruptcy Court***"); and

RESOLVED FURTHER that the Chief Executive Officer, Chief Financial Officer, General Counsel, Treasurer, Vice President, Secretary, Chief Operating Officer or any other duly appointed officer of the Company (collectively, the "***Authorized Officers***"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file or cause to be filed on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

**Cash Collateral & Debtor-in-Possession Financing**

WHEREAS the Company will obtain benefits from the Company's use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (the "***Cash Collateral***"), which is security for certain prepetition secured lenders (collectively, the "***Secured Lenders***") party to:

> (a) that certain Third Amended and Restated Credit Agreement, dated March 3, 2017 (as amended, restated, modified, or supplemented from time to time, the "***Term Loan Agreement***"), by and among Gastar Exploration Inc., as borrower, Northwest Property Ventures LLC, as the guarantor party thereto, Wilmington Trust, National Association, as administrative agent (the "***Term Administrative Agent***"), and the other lender and agent parties thereto; and

> (b) that certain second lien indenture dated March 3, 2017 (as amended, restated, modified or supplemented from time to time, the "***Indenture***"), by and among Gastar Exploration Inc., as borrower, Northwest Property Ventures LLC, as guarantor party thereto, Wilmington Trust, National Association, as trustee and collateral agent, and the other lender and agent parties thereto;

WHEREAS reference is made to that certain superpriority secured debtor-in-possession credit agreement (together with all exhibits, schedules and annexes thereto, the "***DIP Credit Agreement***") dated as of, or about, the date hereof, by and among Gastar Exploration Inc., a Delaware corporation, as borrower (the "***Borrower***"), Northwest Property Ventures LLC, as guarantor (the "Guarantor"), the lenders party thereto (collectively, the "***DIP Lenders***"), and Wilmington Trust, National Association, as administrative and collateral agent (the "***DIP Agent***");

WHEREAS the Borrower has requested that the DIP Lenders provide a secured superpriority debtor-in-possession financing facility (the "***DIP Facility***") to the Debtors;

WHEREAS the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, each Company entering into the DIP Credit Agreement and satisfying certain conditions in the DIP Credit Agreement; and

WHEREAS each Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Company to enter into the DIP Credit Agreement and each other Loan Document (as defined in the DIP Credit Agreement) and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

NOW, THEREFORE, BE IT RESOLVED FURTHER that the form, terms, and provisions of the DIP Credit Agreement, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein and the guaranties, liabilities, obligations, security interest granted, and notes issued, if any, in connection therewith, be and hereby are authorized, adopted, and approved;

RESOLVED FURTHER that each Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved;

RESOLVED FURTHER that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, the Company to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreements may require the Company to grant adequate protection and liens to the Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED FURTHER that any Authorized Officer or other officer of the Company is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to take such actions  to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, the Loan Documents, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the "***Financing Documents***"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve;

RESOLVED FURTHER that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "***Financing Transactions***"), including granting liens on its assets to secure such obligations and the refinancing of the obligations outstanding pursuant to the Term Loan Agreement;

RESOLVED FURTHER that the Authorized Officers be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company, as a debtor and debtor in possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties in interest; and (d) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents;

RESOLVED FURTHER that the Authorized Officers be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code ("*UCC*") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of each Company that either the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents; and

RESOLVED FURTHER that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

**Filing the Chapter 11 Plan**

WHEREAS, the Companies, with the assistance of their advisors, have formulated a plan of reorganization under chapter 11 of the Bankruptcy Code (as amended or restated from time to time, the "*Plan*") and a disclosure statement with all related exhibits thereto for soliciting support for the Plan among the constituencies

permitted to vote for the Plan under the Bankruptcy Code (as amended or restated from time to time, the "***Disclosure Statement***");

WHEREAS, the Authorizing Body has reviewed the Plan and Disclosure Statement and have had the opportunity to consult with the Companies' advisors concerning the Plan and Disclosure Statement;

WHEREAS, in the judgment of the Authorizing Body, it is desirable and in the best interest of each Company's creditors and other stakeholders that the Companies file the Plan and Disclosure Statement with the Bankruptcy Court, amend or restate the Plan and/or Disclosure Statement from time to time as may be necessary in the reasonable judgment of the Authorized Officers, and seek confirmation of the Plan;

NOW, THEREFORE, BE IT RESOLVED FURTHER that in the judgment of the Authorizing Body, it is desirable and in the best interests of each of the Companies, their creditors and other stakeholders that the Authorized Officers (as defined below) file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions, that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

RESOLVED FURTHER that the Authorized Officers acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed, together with the Companies' advisors, to file all other documents deemed necessary to confirm, a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement; and

RESOLVED FURTHER that the Authorized Officers of each of the Companies acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

**Retention of Professionals**

NOW, THEREFORE, BE IT RESOLVED FURTHER that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of each Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable

law;

RESOLVED FURTHER that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Jackson Walker LLP, as local bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of each Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Jackson Walker LLP in accordance with applicable law;

RESOLVED FURTHER that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Tudor, Pickering, Holt, & Co., as each Company's financial advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Tudor, Pickering, Holt, & Co. in accordance with applicable law;

RESOLVED FURTHER that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Perella Weinberg Partners LP, as each Company's financial advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Perella Weinberg Partners LP in accordance with applicable law;

RESOLVED FURTHER that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Opportune LLP, as each Company's restructuring advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Opportune LLP in accordance with applicable law;

RESOLVED FURTHER that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of BMC Group, Inc., as notice, claims, solicitation, and administrative agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain BMC Group, Inc., in accordance with applicable law;

RESOLVED FURTHER that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED FURTHER that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file, or cause to be filed, all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases.

**General**

NOW, THEREFORE, BE IT RESOLVED FURTHER that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER that each Company and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

RESOLVED FURTHER that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board;

RESOLVED FURTHER that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered, and directed to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer

shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

RESOLVED FURTHER that these resolutions may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same resolution.

\*   \*   \*   \*   \*

## CERTIFICATE

The undersigned, Michael A. Gerlich, Senior Vice President, Chief Financial Officer, and Corporate Secretary of each of Gastar Exploration Inc. and Northwest Property Ventures LLC; (each a "*Company*" and, collectively, the "*Companies*"), hereby certifies as follows:

1.    I am the duly qualified and appointed Senior Vice President, Chief Financial Officer, and Corporate Secretary of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.    Attached hereto is a true, complete and correct copy of the Resolutions of the Authorizing Body of each Company (collectively the "*Authorizing Bodies*"), duly adopted in accordance with each Company's bylaws or comparable governing document.

3.    Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof.  There exists no other subsequent resolution of the Authorizing Bodies relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 30th day of October, 2018.

By: _____

Name:  Michael A. Gerlich

Title:    Senior Vice President, Chief Financial Officer, and Corporate Secretary

**Fill in this information to identify the case:**

Debtor name ___Gastar Exploration, Inc.___

United States Bankruptcy Court for the: ___Southern___ District of ___Texas/Houston___
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SCHLUMBERGER TECHNOLOGY CORP P O BOX 732149 DALLAS, TX 75373-2149 | SCHLUMBERGER TECHNOLOGY CORP P O BOX 732149 DALLAS, TX 75373-2149 CWalker10@slb.com | TRADE DEBT | | | | $8,140,000.00 |
| 2 | HELMERICH & PAYNE 1437 S BOULDER AVE TULSA, OK 74119 | HELMERICH & PAYNE 1437 S BOULDER AVE TULSA, OK 74119 shannon.lewis@hpinc.com | TRADE DEBT | | | | $1,980,000.00 |
| 3 | CHISHOLM OIL LLC 12101 N MACARTHUR BLVD SUITE A 303 OKLAHOMA CITY, OK 73162 | CHISHOLM OIL LLC 12101 N MACARTHUR BLVD SUITE A 303 OKLAHOMA CITY, OK 73162 amy.saker@chisholmog.com | TRADE DEBT | | | | $1,080,000.00 |
| 4 | CHOATE OILFIELD SERVICES LLC P O BOX 597 HENNESSEY, OK 73742 | CHOATE OILFIELD SERVICES LLC P O BOX 597 HENNESSEY, OK 73742 russchoate@hotmail.com | TRADE DEBT | | | | $540,000.00 |
| 5 | RANGER OILFIELD SERVICES CORP P O BOX 594 HENNESSEY, OK 73742 | RANGER OILFIELD SERVICES CORP P O BOX 594 HENNESSEY, OK 73742 kvaverka@rngerosc.com | TRADE DEBT | | | | $460,000.00 |
| 6 | QUICK PUMP SERVICE, LLC 7284 S US HWY 81 P O BOX 813 HENNESSEY, OK 73742 | QUICK PUMP SERVICE, LLC 7284 S US HWY 81 P O BOX 813 HENNESSEY, OK 73742 qpsannabel@pldi.net | TRADE DEBT | | | | $430,000.00 |
| 7 | PACKERS PLUS ENERGY SERVICES 11415 SPELL ROAD TOMBALL, TX 77375 | PACKERS PLUS ENERGY SERVICES 11415 SPELL ROAD TOMBALL, TX 77375 Jennifer.Chavez@packersplus.com | TRADE DEBT | | | | $420,000.00 |
| 8 | TERRA OILFIELD SERVICES LLC 24900 PITKIN ROAD SUITE 200 SPRING, TX 77386 | TERRA OILFIELD SERVICES LLC 24900 PITKIN ROAD SUITE 200 SPRING, TX 77386 McGowin.Patrick@terrofs.com Brittany.McRae@terraofs.com | TRADE DEBT | | | | $330,000.00 |

Debtor __Gastar Exploration, Inc._____     Case number *(if known)*_____
         Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | ORCO SERVICE LLC P O BOX 691 KINGFISHER, OK  73750 | ORCO SERVICE LLC P O BOX 691 KINGFISHER, OK  73750 aluper@orcoservice.com | TRADE DEBT | | | | $300,000.00 |
| 10 | DUSTIN DONLEY CONSTRUCTION SERVICES LLC 3030 NW EXPRESSWAY SUITE 500 OKLAHOMA CITY, OK  73112 | DUSTIN DONLEY CONSTRUCTION SERVICES LLC 3030 NW EXPRESSWAY SUITE 500 OKLAHOMA CITY, OK  73112 dahlyn@pldi.net | TRADE DEBT | | | | $290,000.00 |
| 11 | SGB SOLUTIONS, LP P O BOX 60931 MIDLAND, TX  79711-0931 | SGB SOLUTIONS, LP P O BOX 60931 MIDLAND, TX  79711-0931 denisestewart@SGBLP.COM | TRADE DEBT | | | | $280,000.00 |
| 12 | TRI POWER ENERGY SERVICES 4341 SW 33RD STREET OKLAHOMA CITY, OK  73119 | TRI POWER ENERGY SERVICES 4341 SW 33RD STREET OKLAHOMA CITY, OK  73119 tvoelker@tripoweres.com | TRADE DEBT | | | | $250,000.00 |
| 13 | FLOTEK CHEMISTRY LLC 1004 S PLAINSMAN RD MARROW, OK  73055-8600 | FLOTEK CHEMISTRY LLC 1004 S PLAINSMAN RD MARROW, OK  73055-8600 omontalbo@flotekind.com | TRADE DEBT | | | | $230,000.00 |
| 14 | RITE WAY CONSTRUCTION LLC P O BOX 3748 ENID, OK  73702-3748 | RITE WAY CONSTRUCTION LLC P O BOX 3748 ENID, OK  73702-3748 rm.riteway@gmail.com | TRADE DEBT | | | | $210,000.00 |
| 15 | TESTCO INC P O BOX 589 HWY 33 W WATONGA, OK  73772 | TESTCO INC P O BOX 589 HWY 33 W WATONGA, OK  73772 testcoinc@yahoo.com | TRADE DEBT | | | | $210,000.00 |
| 16 | RAUH OILFIELD SERVICES CO P O BOX 421 LAHOMA, OK  73754-0421 | RAUH OILFIELD SERVICES CO P O BOX 421 LAHOMA, OK  73754-0421 debbie.ruppenthal@rauhoilfield.com | TRADE DEBT | | | | $200,000.00 |
| 17 | NEWSCO INTERNATIONAL ENERGY 900 OLD HIGHWAY 105 WEST CONROE, TX  77304 | NEWSCO INTERNATIONAL ENERGY 900 OLD HIGHWAY 105 WEST CONROE, TX  77304 charissa.watson@newsco-drilling.com | TRADE DEBT | | | | $160,000.00 |
| 18 | REEF SERVICES LLC P O BOX 11347 MIDLAND, TX  79702 | REEF SERVICES LLC P O BOX 11347 MIDLAND, TX  79702 cdaniel@selectenergyservices.com | TRADE DEBT | | | | $160,000.00 |
| 19 | RUFNEX OILFIELD SERVICES 1333 SE 25TH OKLAHOMA CITY, OK  73129 | RUFNEX OILFIELD SERVICES 1333 SE 25TH OKLAHOMA CITY, OK  73129 Ljohnson@ProfitStars.com | TRADE DEBT | | | | $150,000.00 |

Debtor   Gastar Exploration, Inc.
         Name

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20   BOSTICK SERVICES CORPORATION P O BOX 536 CRESCENT, OK  73028 | BOSTICK SERVICES CORPORATION P O BOX 536 CRESCENT, OK  73028 dtilley@bostickservices.com | TRADE DEBT | | | | $140,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GASTAR EXPLORATION INC., | ) Case No. 18-_____(____) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| GASTAR EXPLORATION INC. | CEDE & CO (FAST ACCOUNT) | PO BOX 20 BOWLING GREEN STATION NEW YORK NY 10004 | PREFERRED SERIES A | 100% |
| | CEDE & CO (FAST ACCOUNT) | PO BOX 20 BOWLING GREEN STATION NEW YORK NY 10004 | PREFERRED SERIES B | 100% |
| | CEDE & CO (FAST ACCOUNT) | PO BOX 20 BOWLING GREEN STATION NEW YORK NY 10004 | COMMON | 70.58% |
| | FUNDS AFFILIATED WITH ARES MANAGEMENT LLC | C/O ARES MANAGEMENT LLC 2000 AVENUE OF THE STARS, 12TH FLOOR LOS ANGELES, CALIFORNIA 90067 | COMMON | 25.90% |
| | GASTAR EXPLORATION NEW RESTRICTED STOCK PLAN - SEE COMPANY 26192 | 1331 LAMAR STREET SUITE 1080 HOUSTON, TX 77010-3110 | COMMON | 3.05% |
| | ALAN KELLER | [REDACTED] | COMMON | < 1.00% |
| | ALAN MOORE | [REDACTED] | COMMON | < 1.00% |
| | ALAN MOORE | [REDACTED] | COMMON | < 1.00% |
| | ALICIA NORTON | [REDACTED] | COMMON | < 1.00% |
| | ALOHA REVOCABLE LIVING TRUST DATED 3/14/01 | [REDACTED] | COMMON | < 1.00% |
| | AMY RICHARD | [REDACTED] | COMMON | < 1.00% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| GASTAR EXPLORATION INC. | AST EXCHANGE AGENT #25903 GASTAR EXPLORATION LTD | C/O CORPORATE ACTIONS 6201 15TH AVENUE BROOKLYN, NY 11219-5411 | COMMON | < 1.00% |
| | AST EXCHANGE AGENT #25908 COPPERQUEST | C/O CORPORATE ACTIONS 6201 15TH AVENUE BROOKLYN, NY 11219-5411 | COMMON | < 1.00% |
| | AST EXCHANGE AGENT #25909 NEW ENERGY WEST | C/O CORPORATE ACTIONS 6201 15TH AVENUE BROOKLYN, NY 11219-5411 | COMMON | < 1.00% |
| | AST EXCHANGE AGENT #25910 EAGLE LAKE EXPLORATION | C/O CORPORATE ACTIONS 6201 15TH AVENUE BROOKLYN, NY 11219-5411 | COMMON | < 1.00% |
| | AST EXCHANGE AGENT #25912 ALDERSHOT RESOURCE | C/O CORPORATE ACTIONS 6201 15TH AVENUE BROOKLYN, NY 11219-5411 | COMMON | < 1.00% |
| | BEN MANHEIMER III | [REDACTED] | COMMON | < 1.00% |
| | BRET DAVIDSON | [REDACTED] | COMMON | < 1.00% |
| | BRIAN WARD | [REDACTED] | COMMON | < 1.00% |
| | CAROLINE NAMAZI | [REDACTED] | COMMON | < 1.00% |
| | CATHERINE YVONNE CARPANINI | [REDACTED] | COMMON | < 1.00% |
| | CELAL BULUTOGLU | [REDACTED] | COMMON | < 1.00% |
| | CHRISTINE MEYER & MIKE MEYER | [REDACTED] | COMMON | < 1.00% |
| | CLYDA A GRANT JR | [REDACTED] | COMMON | < 1.00% |
| | COLTON CHARITABLE REMAINDER UNITRUST HERBERT CORKA JR TRUSTEE GASTAR EXPLORATION LTD | [REDACTED] | COMMON | < 1.00% |
| | DALE R CARROLL | [REDACTED] | COMMON | < 1.00% |
| | DAN R WILLIAMS | [REDACTED] | COMMON | < 1.00% |

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| GASTAR EXPLORATION INC. | DEBRA TAGUBA | [REDACTED] | COMMON | < 1.00% |
| | DENISE KELLER | [REDACTED] | COMMON | < 1.00% |
| | DENNIS CUSHING & ERIC J ANDREWS JT TEN | [REDACTED] | COMMON | < 1.00% |
| | DENNIS R UNGURAN | [REDACTED] | COMMON | < 1.00% |
| | DEVAN DERBY | [REDACTED] | COMMON | < 1.00% |
| | DONALD EVANS | [REDACTED] | COMMON | < 1.00% |
| | DONALD J BUGAY | [REDACTED] | COMMON | < 1.00% |
| | DR MARTIN JENNINGS | [REDACTED] | COMMON | < 1.00% |
| | EUGENE KIM | [REDACTED] | COMMON | < 1.00% |
| | FRED MAX THOMAS TRUST | [REDACTED] | COMMON | < 1.00% |
| | GAVIN MOODY | [REDACTED] | COMMON | < 1.00% |
| | GLORIA K RAE | [REDACTED] | COMMON | < 1.00% |
| | GLORIA MARTINEZ | [REDACTED] | COMMON | < 1.00% |
| | H DANIEL SMITH | [REDACTED] | COMMON | < 1.00% |
| | HAROLD MURTHA C/O MURTHA ENTERPRISES INC | [REDACTED] | COMMON | < 1.00% |
| | HARRISON-HINSHAW TRUST | [REDACTED] | COMMON | < 1.00% |
| | HERBERT GORKA JR TRUSTEE COLTON CHARITABLE REMAINDER UNITRUST 12 22 1992 | [REDACTED] | COMMON | < 1.00% |
| | HOMER WESSENDORF TRUST | [REDACTED] | COMMON | < 1.00% |
| | HUNTER AHRENS | [REDACTED] | COMMON | < 1.00% |
| | HUNTINGTON A JAMES | [REDACTED] | COMMON | < 1.00% |
| | IRAD RON | [REDACTED] | COMMON | < 1.00% |
| | IRIS L OLEKSHY | [REDACTED] | COMMON | < 1.00% |
| | JACK MOBERS | [REDACTED] | COMMON | < 1.00% |
| | JAMES H GIBERT JR | [REDACTED] | COMMON | < 1.00% |
| | JAWSH CORPORATION C/O WILLIAM L BATES | [REDACTED] | COMMON | < 1.00% |
| | JAY MANHEIMER | [REDACTED] | COMMON | < 1.00% |
| | JENNY HAFFEY | [REDACTED] | COMMON | < 1.00% |
| | JOHN A MOSES | [REDACTED] | COMMON | < 1.00% |

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| GASTAR EXPLORATION INC. | JOHN C KERCKHOFF | [REDACTED] | COMMON | < 1.00% |
| | JOHN E HALL | [REDACTED] | COMMON | < 1.00% |
| | JOHN O'DOWD | [REDACTED] | COMMON | < 1.00% |
| | JOHN P COLMAN & LINDA L COLMAN JT TEN | [REDACTED] | COMMON | < 1.00% |
| | JOHN ROONEY | [REDACTED] | COMMON | < 1.00% |
| | JOHN ROONEY | [REDACTED] | COMMON | < 1.00% |
| | JOHN WEBB | [REDACTED] | COMMON | < 1.00% |
| | JOHN WEBB & KAREN WEBB | [REDACTED] | COMMON | < 1.00% |
| | JOSEPH L HERBSTER JR | [REDACTED] | COMMON | < 1.00% |
| | JUAN FORTEZA | [REDACTED] | COMMON | < 1.00% |
| | JUANITA H HINSHAW & TED O'NELL HARRISON TTEES HINSHAW-HARRISON JT REV LIVING TR UA DTD 5 28 93 | [REDACTED] | COMMON | < 1.00% |
| | KAREN A LYNCH TTEE KAREN A LYNCH REVOCABLE TRUST | [REDACTED] | COMMON | < 1.00% |
| | KATHLEEN GARCIA COBB | [REDACTED] | COMMON | < 1.00% |
| | KATHRYN COTTRELL | [REDACTED] | COMMON | < 1.00% |
| | KEVIN COCHETTI | [REDACTED] | COMMON | < 1.00% |
| | KEVIN SUDDARTH | [REDACTED] | COMMON | < 1.00% |
| | LARRY STEINBRUECK | [REDACTED] | COMMON | < 1.00% |
| | LAWRENCE ENG & LORRAINE WAN ENG | [REDACTED] | COMMON | < 1.00% |
| | LEE FAMILY LIMITED PARTNERSHIP C/O PAUL LEE | [REDACTED] | COMMON | < 1.00% |
| | LEN MCKEARY | [REDACTED] | COMMON | < 1.00% |
| | LINDA F DOLLAR | [REDACTED] | COMMON | < 1.00% |
| | LINDA SOSNA | [REDACTED] | COMMON | < 1.00% |
| | LIZA CHEUVRONT | [REDACTED] | COMMON | < 1.00% |
| | LOREN SCOTT TRUBY | [REDACTED] | COMMON | < 1.00% |
| | LORETTA FORTEZA | [REDACTED] | COMMON | < 1.00% |
| | LOUIS J CROSSIN JR | [REDACTED] | COMMON | < 1.00% |

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| GASTAR EXPLORATION INC. | LUDVIK PETRIK | [REDACTED] | COMMON | < 1.00% |
| | LYNN BROYLES | [REDACTED] | COMMON | < 1.00% |
| | MARGARET J HAL | [REDACTED] | COMMON | < 1.00% |
| | MARGARET J JOHNSON | [REDACTED] | COMMON | < 1.00% |
| | MARK OLSON | [REDACTED] | COMMON | < 1.00% |
| | MELLON ENTERPRISES LLC | 22 HART HILLS ROAD BARRINGTON, IL 60010-4023 | COMMON | < 1.00% |
| | MERILYN WESSENDORF TRUST | [REDACTED] | COMMON | < 1.00% |
| | MICHAEL BRENNAN | [REDACTED] | COMMON | < 1.00% |
| | MICHAEL SVEJKOSKY & JANET SVEJKOSKY | [REDACTED] | COMMON | < 1.00% |
| | MICHELLE RAMBO | [REDACTED] | COMMON | < 1.00% |
| | MITCHELL LOBROVICH | [REDACTED] | COMMON | < 1.00% |
| | MITCHELL LOBROVICH | [REDACTED] | COMMON | < 1.00% |
| | NATHAN BROWN | [REDACTED] | COMMON | < 1.00% |
| | NATHAN BROWN | [REDACTED] | COMMON | < 1.00% |
| | NATHAN W WALTON | [REDACTED] | COMMON | < 1.00% |
| | NICHOLAS SHAW | [REDACTED] | COMMON | < 1.00% |
| | NOTWEN CORPORATION | PO BOX 14670 JACKSON, WY 83002-4670 | COMMON | < 1.00% |
| | ODED AZARIYA | [REDACTED] | COMMON | < 1.00% |
| | OSBORNE SHELL BELSBY PERSONAL REP ESTATE OF OSA BELSBY | [REDACTED] | COMMON | < 1.00% |
| | PAUL F ETHIER | [REDACTED] | COMMON | < 1.00% |
| | R SCOTT DELUISE & JAN F DELUISE | [REDACTED] | COMMON | < 1.00% |
| | RANDALL SLEETH | [REDACTED] | COMMON | < 1.00% |
| | RICHARD H YOUNGBLOOD III | [REDACTED] | COMMON | < 1.00% |
| | RICHARD P FITZGEORGE-PARKER | [REDACTED] | COMMON | < 1.00% |
| | RICKY JOHNSON | [REDACTED] | COMMON | < 1.00% |
| | RICKY JOHNSON | [REDACTED] | COMMON | < 1.00% |
| | RICKY JOHNSON | [REDACTED] | COMMON | < 1.00% |
| | RICKY JOHNSON | [REDACTED] | COMMON | < 1.00% |
| | RICKY JOHNSON | [REDACTED] | COMMON | < 1.00% |

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| GASTAR EXPLORATION INC. | RICKY JOHNSON | [REDACTED] | COMMON | < 1.00% |
| | RITA DANIELS BRENT | [REDACTED] | COMMON | < 1.00% |
| | ROBERT L HARRIS | [REDACTED] | COMMON | < 1.00% |
| | ROBERT PENNER | [REDACTED] | COMMON | < 1.00% |
| | SCOTT HAMMEL | [REDACTED] | COMMON | < 1.00% |
| | STEPHEN NAPIER | [REDACTED] | COMMON | < 1.00% |
| | STEVE WEIGLE | [REDACTED] | COMMON | < 1.00% |
| | STEVEN P BELAU CUST ALEC S BELAU UNDER THE MN UNIF TRAN MIN ACT | [REDACTED] | COMMON | < 1.00% |
| | TAMARA SLAUGHTER | [REDACTED] | COMMON | < 1.00% |
| | THEODORE S RITTENBERG | [REDACTED] | COMMON | < 1.00% |
| | THOMAS S BERKLEY | [REDACTED] | COMMON | < 1.00% |
| | THOMAS SINAK | [REDACTED] | COMMON | < 1.00% |
| | TRACY HAYES | [REDACTED] | COMMON | < 1.00% |
| | WAJIH ELKISWANI | [REDACTED] | COMMON | < 1.00% |
| | WILLIAM BERRY & BARBARA BERRY JTWROS | [REDACTED] | COMMON | < 1.00% |
| | WILLIAM BLAGRAVE | [REDACTED] | COMMON | < 1.00% |
| | WILLIAM G VAN RHEIN & CAROLYN M VAN RHEIN | [REDACTED] | COMMON | < 1.00% |
| | WYOMING STATE TREASURER UNCLAIMED PROPERTY | 200 WEST 24TH ST CHEYENNE WY 82002 | COMMON | < 1.00% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GASTAR EXPLORATION INC., | ) | Case No. 18-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Funds Affiliated with Ares Management LLC | 25.90% |

Fill in this information to identify the case and this filing:

Debtor Name        Gastar Exploration Inc.

United States Bankruptcy Court for the:        Southern District of Texas

                                                                           (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____    List of Equity Security Holders and Corporate Ownership Statement, Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

                                                            ☒ */s/ Michael A. Gerlich*
_____        _____
10/31/2018
MM/ DD/YYYY                                       Signature of individual signing on behalf of debtor

                                                            **Michael A. Gerlich**
                                                            Printed name

                                                            **Authorized Signatory**
                                                            Position or relationship to debtor

**Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors**