## Exhibit C

**Attorney Checklist Concerning Motion and Order Pertaining to Use of Cash Collateral**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GASTAR EXPLORATION INC., *et al.*,[1] | § | Case No. 18-36057 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ATTORNEY CHECKLIST CONCERNING MOTIONS
AND ORDERS PERTAINING TO USE OF CASH COLLATERAL AND
POST-PETITION FINANCING (WHICH ARE IN EXCESS OF TEN (10) PAGES)**

Motions and orders pertaining to cash collateral and post-petition financing matters tend to be lengthy and complicated. Although the Court intends to read such motions and orders carefully, it will assist the Court if counsel will complete and file this checklist. All references are to the Bankruptcy Code (§) or Rules (R).

**PLEASE NOTE:**

"*"     Means generally not favored by Bankruptcy Courts in this District.

"**"    Means generally not favored by Bankruptcy Courts in this District without a reason and a time period for objections.

If your motion or order makes provision for any of the following, so indicate in the space provided:

**CERTIFICATE BY COUNSEL**

This is to certify that the following checklist fully responds to the Court's inquiry concerning material terms of the motion and/or proposed order:

> Yes, at Page/Exhibit
> Y means yes; N means no
> N/A means not applicable
> (Page Listing Optional)

**1.**    Identification of Proceedings:
   (a)    (Preliminary) or final motion/order (circle one)................................................ N/A

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685). The location of the Debtors' service address is: 1331 Lamar Street, Suite 650, Houston, Texas 77010.

|   |   |   |   |
|---|---|---|---|
| | (b) | Continuing use of cash collateral (§ 363) | Y |
| | (c) | New financing (§ 364) | Y |
| | (d) | Combination of §§ 363 and 364 financing | Y |
| | (e) | Emergency hearing (immediate and irreparable harm) | Y |
| **2.** | Stipulations: | | |
| | (a) | Brief history of debtor's businesses and status of debtor's prior relationships with lender | Y |
| | (b) | Brief statement of purpose and necessity of financing. | Y |
| | (c) | Brief statement of type of financing (i.e., accounts receivable, inventory) | Y |
| | (d) | Are lender's pre-petition security interest(s) and liens deemed valid, fully perfected and non-avoidable | Y |
| | | *(i)* Are there provisions to allow for objections to above? | Y |
| | (e) | Is there a post-petition financing agreement between lender and debtor? | Y |
| | | *(i)* If so, is agreement attached? | Y |
| | (f) | Is there is an agreement that lender's post-petition security interests and liens deemed valid, fully perfected and non-avoidable? | Y |
| | (g) | Is lender undersecured or oversecured (circle one) | N/A |
| | (h) | Has lender's non-cash collateral been appraised? | N |
| | | *(i)* Insert date of latest appraisal | N/A |
| | (i) | Is debtor's proposed budget attached? | Y |
| | (j) | Are all pre-petition loan documents identified? | Y |
| | (k) | Are pre-petition liens on single or multiple assets? (circle one) | N/A |
| | (l) | Are there pre-petition guaranties of debt? | Y |
| | | *(i)* Limited or unlimited? (circle one) | N/A |
| **3.** | Grant of Liens: | | |
| | (a) | Do post-petition liens secure pre-petition debts? | Y |
| | (b) | Is there cross-collaterization? | N |
| | (c) | Is the priority of post-petition liens equal to or higher than existing liens? | Y |
| | (d) | Do post-petition liens have retroactive effect? | N |
| | (e) | Are there restrictions on granting further liens or liens of equal or higher priority? | Y |
| | (f) | Is lender given liens on claims under §§ 506(c), 544-50 and §§ 522? | Y |
| | | *(i)* Are lender's attorneys fees to be paid? | Y |
| | | *(ii)* Are debtor's attorneys fees excepted from § 506(c)? | N |
| | (g) | Is lender given liens upon proceeds of causes of action under §§ 544, 547 | Y |

|     |     |                                                                                                                                           |     |
| --- | --- | ----------------------------------------------------------------------------------------------------------------------------------------- | --- |
|     |     | and 548?                                                                                                                                  |     |
| 4.  |     | Administrative Priority Claims:                                                                                                           |     |
|     | (a) | Is lender given an administrative priority?                                                                                               | Y   |
|     | (b) | Is administrative priority higher than § 507(a)?                                                                                          | Y   |
|     | (c) | Is there a conversion of pre-petition secured claim to post-petition administrative claim by virtue of use of existing collateral?        | N   |
| 5.  |     | Adequate Protection (§361):                                                                                                               |     |
|     | (a) | Is there post-petition debt service?                                                                                                      | N   |
|     | (b) | Is there a ⟨replacement⟩/addition 361(/) lien? (circle one or both)                                                                       | N/A |
|     | (c) | Is the lender's claim given super-priority? (§ 364(c) or (d)) [designate]                                                                 | Y - 364(c), (d) |
|     | (d) | Are there guaranties?                                                                                                                     | Y   |
|     | (e) | Is there adequate Insurance coverage?                                                                                                     | Y   |
|     | (f) | Other?                                                                                                                                    | Y   |
|     |     | **Debtors' comment**: Adequate protection includes payment of the reasonable and documented fees of the Prepetition Secured Parties.      |     |
| 6.  |     | Waiver/Release Claims v. Lender:                                                                                                          |     |
|     | (a) | Debtor waives or release claims against lender, including, but not limited to, claims under §§ 506(c), 544-550, 552, and 553 of the Code? | Y   |
|     | (b) | Does the debtor waive defenses to claim or liens of lender?                                                                               | Y   |
| 7.  |     | Source of Post-Petition Financing (§ 364 Financing):                                                                                      |     |
|     | (a) | Is the proposed lender also the pre-petition lender?                                                                                      | Y   |
|     | (b) | New post-petition lender?                                                                                                                 | N   |
|     | (c) | Is the lender an insider?                                                                                                                 | N   |
| 8.  |     | Modification of Stay:                                                                                                                     |     |
|     | (a) | Is any modified lift of stay allowed?                                                                                                     | Y   |
|     | (b) | Will the automatic stay be lifted to permit lender to exercise self-help upon default without further order?                              | N   |
|     | (c) | Are there any other remedies exercisable without further order of court?                                                                  | N   |
|     | (d) | Is there a provision that any future modification of order shall not affect status of debtor's post-petition obligations to lender?       | Y   |
| 9.  |     | Creditors' Committee:                                                                                                                     |     |

    (a)  Has creditors' committee been appointed?......................................................... N

    (b)  Does creditors' committee approve of proposed financing? .......................... N/A

**10.**  Restrictions on Parties in Interest:

    (a)  Is a plan proponent restricted in any manner, concerning modification of lender's rights, liens and/or causes? ............................................................... Y

    (b)  Is the debtor prohibited from seeking to enjoin the lender in pursuit of rights? ................................................................................................................ Y

    (c)  Is any party in interest prohibited from seeking to modify this order? .......... N

    (d)  Is the entry of any order conditioned upon payment of debt to lender? ......... N

    (e)  Is the order binding on subsequent trustee on conversion? ............................ Y

**11.**  Nunc Pro Tunc:

    (a)  Does any provision have retroactive effect?.................................................... Y

**12.**  Notice and Other Procedures:

    (a)  Is shortened notice requested? ......................................................................... Y

    (b)  Is notice requested to shortened list? .............................................................. N

    (c)  Is time to respond to be shortened? ................................................................. Y

    (d)  If final order sought, have 15 days elapsed since service of motion pursuant to Rule 4001(b)(2)? ................................................................ N/A

    (e)  If preliminary order sought, is cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing? ......... Y

    (f)  Is a Certificate of Conference included? ........................................................ N

    (g)  Is a Certificate of Service included?................................................................ N

    (h)  Is there verification of transmittal to U.S. Trustee included pursuant to Rule 9034? ................................................................................... N

    (i)  Has an agreement been reached subsequent to filing motion? ..................... N/A

        *(i)*  If so, has notice of the agreement been served pursuant to Rule 4001(d)(4)? ................................................................................... N/A

        *(ii)*  Is the agreement in settlement of motion pursuant to Rule 4001(d)(4)? .. N/A

        *(iii)* Does the motion afford reasonable notice of material provisions of agreement pursuant to Rule 4001(d)(4)? ................................................. N/A

        *(iv)* Does the motion provide for opportunity for hearing pursuant to Rule 9014? ........................................................................................................ N/A

| | |
|---|---|
| Dated: October 31, 2018 | */s/ Matthew D. Cavenaugh* |

Patricia B. Tomasco (TX Bar No. 01797600)
Elizabeth C. Freeman (TX Bar No. 24009222)
Matthew D. Cavenaugh (TX Bar No. 24062656)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:	(713) 752-4200
Facsimile:	(713) 752-4221
Email:	ptomasco@jw.com
	efreeman@jw.com
	mcavenaugh@jw.com

-and-

Anna G. Rotman, P.C. (TX Bar No. 24046761)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Telephone:	(713) 836-3600
Facsimile:	(713) 836-3601
Email:	anna.rotman@kirkland.com

-and-

Ross M. Kwasteniet, P.C. (*pro hac vice* admission pending)
John R. Luze (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:	(312) 862-2000
Facsimile:	(312) 862-2200
Email:	ross.kwasteniet@kirkland.com
	john.luze@kirkland.com