**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GASTAR EXPLORATION INC., *et al.*,[1] | § | Case No. 18-36057 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Re:  Docket No. __** |

**ORDER (I) SCHEDULING A COMBINED
DISCLOSURE STATEMENT APPROVAL AND
PLAN CONFIRMATION HEARING, (II) ESTABLISHING
A PLAN AND DISCLOSURE STATEMENT OBJECTION DEADLINE
AND RELATED PROCEDURES, (III) APPROVING THE SOLICITATION
PROCEDURES, (IV) APPROVING THE CONFIRMATION HEARING NOTICE,
AND (V) WAIVING THE REQUIREMENTS THAT THE U.S. TRUSTEE CONVENE
A MEETING OF CREDITORS AND THE DEBTORS FILE SCHEDULES AND SOFAS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling a Confirmation Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing the Objection Deadline and approving related procedures; (c) establishing the Reply Deadline; (d) approving the Solicitation Procedures; (e) approving the form and manner of the Notice; (f) conditionally (i) directing that the U.S. Trustee not convene a Creditors' Meeting under section 341(e) of the Bankruptcy Code and (ii) waiving the requirement that the Debtors file statements of financial affairs and schedules of assets and liabilities; and (g) allowing the notice period for the Disclosure Statement and Confirmation Hearing to run simultaneously, all as more fully set

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685).  The location of the Debtors' service address is:  1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Confirmation Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on December 13, 2018, at __:__ _.m., prevailing Central Time.

3.      Any objections to adequacy of the Disclosure Statement and confirmation of the Plan shall be filed on or before December 4, 2018, at 4:00 p.m., prevailing Central Time.

4.      Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or before December 10, 2018, at 4:00 p.m., prevailing Central Time.

5.      Any objections to the Disclosure Statement or confirmation of the Plan must:

      a.      be in writing;

      b.      comply with the Bankruptcy Rules and the Bankruptcy Local Rules;

> c.     state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity;
>
> d.     state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and
>
> e.     be filed with this Court with proof of service thereof and served upon the Notice Parties so as to be actually received by the Objection Deadline.

6.     Any objections not satisfying the requirements of this Order shall not be considered and shall be overruled.

7.     The form of the Notice, substantially in the form attached hereto as **Exhibit 1**, and the Publication Notice, substantially in the form attached hereto as **Exhibit 2** and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

8.     The Debtors are authorized to enter into transactions to cause the Publication Notice to be published in the *Wall Street Journal (National Edition)* within five business days following entry of this Order, and to make reasonable payments required for such publication. The Publication Notice, together with the Notice provided for in the Motion, is deemed to be sufficient and appropriate under the circumstances.

9.     The Voting Record Date and the Voting Deadline are approved.

10.     The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

11.     The ballots, substantially in the form attached hereto as **Exhibits 3**, **4**, **5**, and **6** are approved.

12.     The procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the ballots are approved.

13.     The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to holders of claims that are:  (a) unimpaired and conclusively presumed to accept the Plan; or (b) impaired and deemed to reject the Plan.

14.     The U.S. Trustee need not and shall not convene a meeting of creditors or equity holders pursuant to section 341(e) of the Bankruptcy Code unless the Plan is not confirmed on or before December 28, 2018, without prejudice to the Debtors' right to request further extension thereof.

15.     Cause exists to extend the time by which the Debtors must file the Schedules and SOFAs until December 28, 2018, without prejudice to the Debtors' rights to request further extensions thereof.  If the Plan is not confirmed on or before December 28, 2018, the requirement to file schedules and SOFAs in the chapter 11 cases shall be waived without the requirement of any further action on any Debtor's part.

16.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

19.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2018
Houston, Texas

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Proposed Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GASTAR EXPLORATION INC., *et al.*,[1] | § | Case No. 18-36057 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**NOTICE OF (I) COMMENCEMENT OF
PREPACKAGED CHAPTER 11 BANKRUPTCY CASES,
(II) COMBINED HEARING ON THE DISCLOSURE STATEMENT,
CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER 11
PLAN, AND RELATED MATTERS, AND (III) OBJECTION DEADLINES,
AND SUMMARY OF THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

On October 31, 2018 (the "Petition Date"), Gastar Exploration Inc. and its affiliate, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") a proposed joint prepackaged chapter 11 plan of reorganization [Docket No. 31] (the "Plan") and proposed disclosure statement [Docket No. 29] (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002, where they are available for review between the hours of 8:00 a.m. to 5:00 p.m., prevailing Central Time. The Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's website at www.txs.uscourts.gov or free of charge on the Debtors' restructuring website at http://www.bmcgroup.com/gastar.[2]

The Plan is a "prepackaged" plan of reorganization. The primary purpose of the Plan is to effectuate a balance-sheet restructuring of the Debtors' business (the "Restructuring"). The Debtors believe that any

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685).  The location of the Debtors' service address is:  1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

valid alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs, and, ultimately, would jeopardize recoveries for holders of allowed claims.

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing (the "Confirmation Hearing") will be held before Marvin Isgur, United States Bankruptcy Judge, in Room 404 of the United States Bankruptcy Court, 515 Rusk Street Houston, Texas 77002, on December 13, 2018, at [___], to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court.  Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

### Information Regarding the Plan

**Voting Record Date**. The voting record date is **October 25, 2018**, which was the date for determining which holders of claims in Class 3, Class 4, Class 5, and Class 6 of the Plan were entitled to vote.

**Objections to the Plan**.  The deadline for filing objections to the Plan is **December 4, 2018, at 4:00 p.m., prevailing Central Time**.  Any objections (each, an "Objection") to the Plan or the Disclosure Statement must:  (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; and (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH HOLDER AS A RELEASING PARTY UNDER THE PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.**

---

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than **December 4, 2018, at 4:00 p.m., prevailing Central Time**, by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases as well as the following parties:

| | |
|---|---|
| **Debtors** | **Gastar Exploration Inc.**<br>1331 Lamar Street<br>Suite 650<br>Houston, Texas 77010<br>Attn:   Michael A. Gerlich |
| **Proposed Counsel to the Debtors** | **Kirkland & Ellis LLP**<br>**Kirkland & Ellis International LLP**<br>609 Main Street<br>Houston, Texas 77002<br>Attn:   Anna G. Rotman, P.C.<br><br>-and -<br><br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn:   Ross M. Kwasteniet, P.C.<br>         John R. Luze<br><br>-and-<br><br>**Jackson Walker L.L.P.**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Attn:   Patricia B. Tomasco<br>         Elizabeth C. Freeman<br>         Matthew D. Cavenaugh |
| **United States Trustee** | **Office of the United States Trustee**<br>**for the Southern District of Texas**<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br>Attn:   Hector Duran<br>         Stephen Statham |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**AS DESCRIBED BELOW, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**Summary of Plan Treatment**

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtors, and indicates the voting status of each class.

| SUMMARY OF EXPECTED RECOVERIES | | | |
|---|---|---|---|
| Class | Claim/Interest | Treatment of Claim/ Interest | Projected Amount of Claims |
| Class 1 | Other Secured Claims | Each holder of an Allowed Class 1 Claim shall receive, at the option of the applicable Debtor, with the consent (such consent not to be unreasonably withheld) of the Consenting Parties:  (i) payment in full in Cash of its Allowed Class 1 Claim; (ii) the collateral securing its Allowed Class 1 Claim; (iii) Reinstatement of its Allowed Class 1 Claim; or (iv) such other treatment rendering its Allowed Class 1 Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code | $0 |
| Class 2 | Other Priority Claims | Each holder of an Allowed Class 2 Claim shall receive Cash in an amount equal to such Allowed Class 2 Claim on the later of (a) the Effective Date or (b) the date due in the ordinary course of business in accordance with the terms and conditions of the particular transaction, contract, or other agreement giving rise to such Allowed Class 2 Claim. | $0 |
| Class 3 | Hedge Party Claims | Each holder of an Allowed Class 3 Claim shall receive Cash in an amount equal to 100% of the Allowed amount of such holder's Claims, payable in the following installment: (a) on the Effective Date, an amount equal to the product of (i) the number of monthly settlement payments that would have occurred after the Hedge Termination Date and on or prior to the Effective Date had the Hedge Claims not been liquidated divided by 14 and (ii) the applicable Hedge Party Claims Payment Amount with respect to such holder; and (b) the remaining amount of the Hedge Party Claims Payment Amount with respect to such holder in equal monthly installments beginning on the first day of the first month following the Effective Date and ending on December 1, 2019, pursuant to the Hedge Party Secured Notes. | $13.3 million |
| Class 4 | Statutory Lien Claims | Each holder of an Allowed Class 4 Claim shall receive: (a) on the Effective Date, cash in an amount equal to 50% of the Allowed amount of such holder's Allowed Class 4 Claim; and (b) on the date that is six months following the Effective Date, cash in an amount equal to the remaining 50% of the Allowed amount of such holder's Allowed Class 4 Claim. | $8.9 million |

| SUMMARY OF EXPECTED RECOVERIES | | | |
|---|---|---|---|
| Class | Claim/Interest | Treatment of Claim/ Interest | Projected Amount of Claims |
| Class 5 | Term Loan Claims | Each holder of an Allowed Class 5 Claim shall receive: (a) only to the extent there is remaining availability under the Second Lien Exit Facility after the refinancing and satisfaction of all Allowed DIP Claims in accordance Article II.B of the Plan, its Pro Rata share of participation in such remaining availability under the Second Lien Exit Facility in an equal face amount not to exceed $200 million; and (b) to the extent there are remaining Allowed Class 5 Claims not refinanced or otherwise satisfied pursuant to the Second Lien Exit Facility (which remaining amounts shall constitute Equitized Senior Obligations), its Pro Rata share (measured by reference to the aggregate amount of Equitized Senior Obligations, Second Lien Notes Claims, and, as applicable upon the occurrence of a DIP Toggle Event, General Unsecured Claims) of 100% of the New Common Equity, subject to dilution on account of, as applicable, the Management Incentive Plan and the New Warrants. | $283.9 million[3] |
| Class 6 | Second Lien Notes Claims | Each holder of an Allowed Class 6 Claim shall receive its Pro Rata share (measured by reference to the aggregate amount of Equitized Senior Obligations, Second Lien Notes Claims, and, as applicable upon the occurrence of a DIP Toggle Event, General Unsecured Claims) of 100% of the New Common Equity, subject to dilution on account of, as applicable, the Management Incentive Plan and the New Warrants. | $162.5 million |
| Class 7 | General Unsecured Claims | Each holder of an Allowed Class 7 Claim shall receive Cash in an amount equal to such Allowed General Unsecured Claim on the later of: (i) the Effective Date; or (ii) the date due in the ordinary course of business in accordance with the terms and conditions of the particular transaction or agreement giving rise to such Allowed General Unsecured Claim. | $0.5 million – $2.5 million |
| Class 8 | Intercompany Claims | Class 8 Claims shall be, at the option of the Debtor, with the consent (such consent not to be unreasonably withheld) of the Consenting Parties, either Reinstated or cancelled and released without any distribution. | N/A |

---

[3]   The DIP Facility contemplates a "roll-up" of the $283.9 million in Term Loan Claims.

| SUMMARY OF EXPECTED RECOVERIES | | | |
|---|---|---|---|
| Class | Claim/Interest | Treatment of Claim/ Interest | Projected Amount of Claims |
| Class 9 | Interests in Debtors other than Gastar | Class 9 Interests shall be, at the option of the Debtor, with the consent (such consent not to be unreasonably withheld) of the Consenting Parties, either Reinstated or cancelled and released without any distribution. | N/A |
| Class 10 | Existing Preferred Interests | Class 10 Interests will be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and holders of Class 10 Interests will not receive any distribution on account of such Class 10 Interests.  To the extent no holders of Class 10 Interests or Class 11 Interests seek appointment of an official committee of equity security holders, seek the appointment of a trustee or examiner, or object to or otherwise oppose the consummation of the Restructuring Transactions, Confirmation of the Plan, or entry of the DIP Orders, holders of Class 10 Interests shall receive their Pro Rata share of the New Preferred Warrants.  If any holder of Class 10 Interest or Class 11 Interests seeks appointment of an official committee of equity security holders, seek the appointment of a trustee or examiner, or object to or otherwise oppose the consummation of the Restructuring Transactions, Confirmation of the Plan, or entry of the DIP Orders, holders of Class 10 Interests shall not receive the New Preferred Warrants. | N/A |

| SUMMARY OF EXPECTED RECOVERIES | | | |
|---|---|---|---|
| Class | Claim/Interest | Treatment of Claim/ Interest | Projected Amount of Claims |
| Class 11 | Existing Common Interests and Subordinated Securities Claims | Class 11 Claims and Interests will be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and holders of Class 11 Claims and Interests will not receive any distribution on account of such Class 11 Claims and Interests.  To the extent no holders of Class 11 Claims and Interests or holders of Class 10 Interests seek appointment of an official committee of equity security holders, seek the appointment of a trustee or examiner, or object to or otherwise oppose the consummation of the Restructuring Transactions, Confirmation of the Plan, or entry of the DIP Orders, holders of Class 11 Claims and Interests shall receive their Pro Rata share of the New Common Warrants.  If any holder of Class 11 Claims and Interests or holders of Class 10 Interests seeks appointment of an official committee of equity security holders, seek the appointment of a trustee or examiner, or object to or otherwise oppose the consummation of the Restructuring Transactions, Confirmation of the Plan, or entry of the DIP Orders, holders of Class 11 Claims and Interests shall not receive the New Common Warrants. | N/A |

### Discharge, Injunctions, Exculpation, and Releases

Please be advised that the Plan contains certain release, exculpation, and injunction provisions as follows:

### Relevant Definitions

"Exculpated Parties" means, collectively, and in each case in its capacity as such:  (i) the Debtors; (ii) any official committees appointed in the Chapter 11 Cases and each of their respective members; and (iii) with respect to each of the foregoing, such Entity and its current and former Affiliates, and such Entity's and its current and former Affiliates' current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

"Released Party" means each of, and in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Parties; (d) the Term Lenders; (e) the Second Lien Noteholders; (f) the Ares Equity Holders; (g) the Term Agent; (h) the Second Lien Trustee; (i) the DIP Lenders; (j) the DIP Agent; (k) the First Lien Exit Facility Lenders; (l) the First Lien Exit Facility Agent; (m) the Second Lien Exit Facility Lenders; (n) the Second Lien Exit Facility Agent; (o) the Hedge Parties; (p) Schlumberger Technology Corporation; and (q) with respect to each of the foregoing entities in clauses

(a) through (q), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, participants, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, limited partners, general partners, attorneys, advisors, accountants, investment bankers, consultants, representatives, and other professionals.

"Releasing Parties" means each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Parties; (d) the Term Lenders; (e) the Second Lien Noteholders; (f) the Ares Equity Holders; (g) the Term Agent; (h) the Second Lien Trustee; (i) the DIP Lenders; (j) the DIP Agent; (k) the First Lien Exit Facility Lenders; (l) the First Lien Exit Facility Agent; (m) the Second Lien Exit Facility Lenders (n) the Second Lien Exit Facility Agent; (o) the Hedge Parties; (p) all holders of Claims; (q) all holders of Interests; (r) Schlumberger Technology Corporation; and (s) with respect to each of the foregoing entities in clauses (a) through (s), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, participants, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, limited partners, general partners, attorneys, advisors, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively.

### A.  *Discharge of Claims and Termination of Interests.*

**Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not:  (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of such a Claim or Interest has accepted the Plan.  The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.**

### B.  *Release of Liens.*

**Except with respect to the First Lien Exit Facility Documents, the Hedge Party Secured Note Documents, the Second Lien Exit Facility Documents, the Plan, or any contract, instrument, release,**

or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, except for Other Secured Claims that the Debtors elect to reinstate in accordance with Error! Reference source not found. hereof, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns.  Any holder of such Secured Claim (and the applicable agents for such holder) shall be authorized and directed, at the sole cost and expense of the Reorganized Debtors, to release any collateral or other property of any Debtor (including any cash collateral and possessory collateral) held by such holder (and the applicable agents for such holder), and to take such actions as may be reasonably requested by the Reorganized Debtors to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases.  The presentation or filing of the Confirmation Order to or with any federal, state, provincial, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens.

C. *Releases by the Debtors.*

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocable and forever, released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' capital structure, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, the RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Credit Agreement, or the Plan, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release (i) any post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility

Documents and the Second Lien Exit Facility Documents or (ii) any Causes of Action identified in the Schedule of Retained Causes of Action.

        D.     *Releases by Holders of Claims and Interests.*

Except as otherwise expressly set forth in this Plan or the Confirmation Order, on and after of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party hereby releases and discharges, and is deemed to have released and discharged, conclusively, absolutely, unconditionally, irrevocably and forever, each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise (including any derivative claims, asserted on behalf of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document relating to any of the foregoing created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim pursuant to chapter 5 of the Bankruptcy Code or other applicable law,  the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release (i) any Post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents, the Second Lien Exit Facility Documents or any Claim or obligation arising under the Plan or (ii) any Causes of Action identified in the Schedule of Retained Causes of Action.

        E.     *Exculpation.*

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA and related prepetition transactions, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the Plan Supplement, the Definitive Documentation, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the

Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not release any Causes of Action identified in the Schedule of Retained Causes of Action.

      **F.**    ***Injunction.***

      **Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action, suit or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan.**

*[Remainder of page intentionally left blank.]*

Dated:  October 31, 2018          /s/ Matthew D. Cavenaugh

Patricia B. Tomasco (TX Bar No. 01797600)
Elizabeth C. Freeman (TX Bar No. 24009222)
Matthew D. Cavenaugh (TX Bar No. 24062656)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:          ptomasco@jw.com
                    efreeman@jw.com
                    mcavenaugh@jw.com

-and-

Anna G. Rotman, P.C. (TX Bar No. 24046761)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Telephone:     (713) 836-3600
Facsimile:     (713) 836-3601
Email:          anna.rotman@kirkland.com

-and-

Ross M. Kwasteniet, P.C. (*pro hac vice* admission pending)
John R. Luze (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          ross.kwasteniet@kirkland.com
                    john.luze@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in
Possession*

## **Exhibit 2**

**Proposed Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GASTAR EXPLORATION INC., *et al.*,[1] | § | Case No. 18-36057 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### NOTICE OF COMMENCEMENT OF PREPACKAGED CHAPTER 11 BANKRUPTCY CASES AND COMBINED HEARING ON DISCLOSURE STATEMENT AND CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN

<u>TO</u>:    ALL HOLDERS OF CLAIMS, HOLDERS OF INTERESTS, AND PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES

**PLEASE TAKE NOTICE THAT** On October 31, 2018 (the "<u>Petition Date</u>"), Gastar Exploration Inc. and its affiliate, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") filed with the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") a proposed joint prepackaged chapter 11 plan of reorganization [Docket No. 31] (the "<u>Plan</u>") and proposed disclosure statement [Docket No. 29] (the "<u>Disclosure Statement</u>") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>").  Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002, where they are available for review between the hours of 8:00 a.m. to 5:00 p.m., prevailing Central Time.  The Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's website at www.txs.uscourts.gov or free of charge on the Debtors' restructuring website at http://www.bmcgroup.com/gastar.[2]

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "<u>Confirmation Hearing</u>") will be held before Marvin Isgur, United States Bankruptcy Judge, in Room 404 of the United States Bankruptcy Court, 515 Rusk Street Houston, Texas 77002, on December 13, 2018, at [    ], to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Court.  Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685).  The location of the Debtors' service address is:  1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** objections (each, an "Objection"), if any, to the Plan or the Disclosure Statement must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the of the Bankruptcy Local Rules for the Southern District of Texas; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity or individual; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served so as to be **actually received** no later than **December 4, 2018, at 4:00 p.m., prevailing Central Time**, by those parties who have a filed a notice of appearance in the Debtors' chapter 11 cases as well as each of the following parties:

| | |
|---|---|
| **Debtors** | **Gastar Exploration Inc.**<br>1331 Lamar Street<br>Suite 650<br>Houston, Texas 77010<br>Attn:   Michael A. Gerlich |
| **Proposed Counsel to the Debtors** | **Kirkland & Ellis LLP**<br>**Kirkland & Ellis International LLP**<br>609 Main Street<br>Houston, Texas 77002<br>Attn:   Anna G. Rotman, P.C.<br><br>-and -<br><br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn:   Ross M. Kwasteniet, P.C.<br>          John R. Luze<br><br>-and-<br><br>**Jackson Walker L.L.P.**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Attn:   Patricia B. Tomasco<br>          Elizabeth C. Freeman<br>          Matthew D. Cavenaugh |
| **United States Trustee** | **Office of the United States Trustee**<br>**for the Southern District of Texas**<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br>Attn:   Hector Duran<br>          Stephen Statham |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN**

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.C CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH HOLDER AS A RELEASING PARTY UNDER THE PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.**

---

YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN ARTICLE VIII OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.

**Exhibit 3**

**Form of Class 3 Ballot**

**CLASS 3 BALLOT FOR VOTING ON**
**THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN[1]**

| | |
|---|---|
| **IMPORTANT NOTE**: | PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT AND THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN (THE "<u>PLAN</u>") OF GASTAR EXPLORATION INC., ET AL. (THE "<u>COMPANY</u>") INCLUDED WITH THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "<u>TRANSACTION</u>") UPON THE EMERGENCE OF THE COMPANY FROM CHAPTER 11.  THE COMPANY HAS NOT COMMENCED CHAPTER 11 CASES AS OF THE DATE HEREOF. |
| **DEADLINE**: | THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY BMC GROUP, INC. (THE "<u>VOTING AGENT</u>") PRIOR TO 12:00 P.M. PREVAILING CENTRAL TIME ON OCTOBER 30, 2018 (THE "<u>VOTING DEADLINE</u>"). |
| **QUESTIONS**: | If you have any questions regarding this ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Voting Agent by emailing gastar@bmcgroup.com and reference "Gastar" in the subject line or at +1 (888) 909-0100 (ask for Solicitation Group), or at the following address: (a) if by regular mail BMC Group, Inc., Attn: Gastar Ballot Processing, PO Box 90100, Los Angeles, California, 90009, or (b) if by overnight delivery BMC Group, Inc., Attn: Gastar Ballot Processing, 3732 West 120th Street, Hawthorne, California, 90250. |
| **CLASS 3 NOTICE**: | You have received this ballot because the Company's books and records indicate that you are a holder of a Class 3 Hedge Party Claim[2] as of October 25, 2018 (the "<u>Voting Record Date</u>").  Accordingly, you have the right to execute this ballot and to vote to accept or reject the Plan. |
| | This ballot may not be used for any purpose other than for casting votes with respect to the Plan and making certain certifications with respect to the Plan.  If you believe you have received this ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent immediately. |
| | You should review the Plan before you vote.  You may wish to seek legal advice concerning the proposals related to the Plan. |
| **TRANSACTION BACKGROUND**: | The Company is soliciting votes to accept or reject the Plan from holders of Hedge Party Claims, Statutory Lien Claims, Term Loan Claims, and Second Lien Notes Claims.  The Company may file Chapter 11 Cases in a bankruptcy court of competent jurisdiction (the "<u>Bankruptcy Court</u>") and seek to consummate the Transaction through the chapter 11 bankruptcy process and the Plan.  The Company will file the Plan and the related disclosure statement (the "<u>Disclosure Statement</u>") with the Bankruptcy Court on or shortly after the date of the filing of the Chapter 11 Cases.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  Class 3 will accept the Plan if holders of at least two-thirds in amount and more than one-half in number of voting Class 3 Hedge Party Claims vote to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effecting the Transaction, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding |

---

[1]   The anticipated Debtors in the chapter 11 cases, along with the last four digits of each anticipated Debtor's federal tax identification number, include:  Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685).  The location of the anticipated Debtors' service address is:  1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2]   Capitalized terms used but not defined herein have the meanings given to them in the Plan.

Gastar Exploration Inc., *et al.*
Class 3 Ballot

on all holders of Allowed Claims in Class 3, among others.

**TREATMENT OF YOUR CLASS 3 HEDGE PARTY CLAIMS**:

Subject to the terms and conditions of the Plan, you will receive the following treatment if the Plan is consummated:

Each holder of an Allowed Class 3 Claim shall receive Cash in an amount equal to 100% of the Allowed amount of such holder's Claims, payable in the following installments:

i.  on the Effective Date, in an amount equal to the *product* of (A) the number of monthly settlement payments that would have occurred after the Hedge Termination Date and on or prior to the Effective Date had the Hedge Claims not been liquidated *divided* by 14 and (B) the Hedge Claims Payment Amount; and

ii.  the remaining amount of the Hedge Claims Payment Amount in equal monthly installments beginning on the first day of the first month following the Effective Date and ending on December 1, 2019, pursuant to the Hedge Party Secured Note.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

Gastar Exploration Inc., *et al.*
Class 3 Ballot

**VOTING — COMPLETE THIS SECTION**

| | |
|---|---|
| **ITEM 1**:<br>**PRINCIPAL AMOUNT OF CLASS 3 HEDGE PARTY CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder of Class 3 Hedge Party Claims in the following aggregate amount (*please fill in the amount if not otherwise completed*): |

Amount of Claims:  $_____

**ITEM 2**:
**VOTE TO ACCEPT OR REJECT THE PLAN**

You may vote to accept or reject the Plan.  You must check one of the boxes below in order to have your vote counted.

The holder of the Class 3 Hedge Party Claims set forth in Item 1 above votes to (*please check one and only one*):

☐   **ACCEPT** (VOTE FOR) THE PLAN

☐   **REJECT** (VOTE AGAINST) THE PLAN

Please note that you are voting all of your Class 3 Hedge Party Claims either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your ballot with respect to this Item 2 will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes above, your ballot with respect to this Item 2 will not be counted.

The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor. Accordingly, your vote cast above will be applied in the same manner and in the same amount in Class 3 against each applicable Debtor.

**ITEM 3**:
**RELEASE INFORMATION**

**Article VIII.D. of the Plan provides for a third-party release (the "Third Party Release"):**

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER OF THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY HEREBY RELEASES AND DISCHARGES, AND IS DEEMED TO HAVE RELEASED AND DISCHARGED, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS) THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN THE DEBTORS, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DEFINITIVE DOCUMENTATION, RSA OR HEDGE PARTY RSA OR THE RELATED PREPETITION TRANSACTIONS, THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE FIRST LIEN EXIT FACILITY, THE HEDGE PARTY SECURED NOTES, THE SECOND LIEN EXIT**

FACILITY, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT RELATING TO ANY OF THE FOREGOING CREATED OR ENTERED INTO BEFORE OR DURING THE CHAPTER 11 CASES, ANY PREFERENCE, FRAUDULENT TRANSFER, OR OTHER AVOIDANCE CLAIM PURSUANT TO CHAPTER 5 OF THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW,  THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, EXCEPT FOR ANY CAUSES OF ACTION RELATED TO AN ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD OR FRAUD GROUNDED IN DELIBERATE RECKLESSNESS.   NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, THE FOREGOING RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE FIRST LIEN EXIT FACILITY DOCUMENTS, THE SECOND LIEN EXIT FACILITY DOCUMENTS OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.

<u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE</u>:

UNDER THE PLAN, "RELEASING PARTIES" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING PARTIES; (D) THE TERM LENDERS; (E) THE SECOND LIEN NOTEHOLDERS; (F) THE ARES EQUITY HOLDERS; (G) THE TERM AGENT; (H) THE SECOND LIEN TRUSTEE; (I) THE DIP LENDERS; (J) THE DIP AGENT; (K) THE FIRST LIEN EXIT FACILITY LENDERS; (L) THE FIRST LIEN EXIT FACILITY AGENT; (M) THE SECOND LIEN EXIT FACILITY LENDERS (N) THE SECOND LIEN EXIT FACILITY AGENT; (O) THE HEDGE PARTIES; (P) ALL HOLDERS OF CLAIMS; (Q) ALL HOLDERS OF INTERESTS; AND  (R) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (R), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PARTICIPANTS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, ATTORNEYS, ADVISORS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY ELECT NOT TO GRANT THE RELEASES

**CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) VOTE TO REJECT THE PLAN AND (B) FILE AN OBJECTION TO THE THIRD PARTY RELEASES WITH THE COURT. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND FAIL TO FILE AN OBJECTION TO THE THIRD PARTY RELEASES WITH THE COURT, IN EACH CASE YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.**

Gastar Exploration Inc., *et al.*
Class 3 Ballot

**ITEM 4:**
**CERTIFICATIONS,**
**BALLOT**
**COMPLETION,**
**AND     DELIVERY**
**INSTRUCTIONS**

By signing this Class 3 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a) that, as of the Voting Record Date, either:  (i) the undersigned is the holder of the Hedge Party Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a holder of the Hedge Party Claims being voted;

(b) that the undersigned (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the undersigned has cast the same vote with respect to all Hedge Party Claims in a single Class; and

(d) that no other Class 3 Ballots with respect to the amount of the Hedge Party Claims identified in Item 1 have been cast or, if any other Class 3 Ballots have been cast with respect to such Hedge Party Claims, then any such earlier Class 3 Ballots are hereby revoked.

Gastar Exploration Inc., *et al.*
Class 3 Ballot

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Name of Holder: _____

_____

Signature: _____

Signatory Name (if other than the holder): _____

Title: _____

Address: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY.   THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE.  PLEASE RETURN THIS BALLOT VIA EMAIL (ATTACHING A SCANNED PDF OF THE FULLY EXECUTED BALLOT) TO GASTAR@BMCGROUP.COM AND REFERENCE "GASTAR" IN THE SUBJECT LINE.**

**Telephone: +1 (888) 909-0100 (ask for Solicitation Group)**

**Email: Gastar@bmcgroup.com
and reference "Gastar" in the subject line**

**Important Information Regarding Releases under the Plan**:

The Plan includes the following release provisions:[3]

**Article VIII.C: Releases by the Debtors**

       Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocable and forever, released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' capital structure, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, the RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Credit Agreement, or the Plan, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness. Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents and the Second Lien Exit Facility Documents.

**Article VIII.D.: Releases by Holders of Claims and Interests**

       Except as otherwise expressly set forth in this Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party hereby releases and discharges, and is deemed to have released and discharged, conclusively, absolutely, unconditionally, irrevocably and forever, each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise (including any derivative claims, asserted on behalf of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document relating to any of

---

[3]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this ballot.

the foregoing created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim pursuant to chapter 5 of the Bankruptcy Code or other applicable law,  the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness. Notwithstanding anything contained herein to the contrary, the foregoing release does not release any Post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents, the Second Lien Exit Facility Documents or any Claim or obligation arising under the Plan.

## Article VIII.E: Exculpation

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA and related prepetition transactions, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the Plan Supplement, the Definitive Documentation, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## Article VIII.F: Injunction

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action, suit or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan.

Gastar Exploration Inc., *et al.*
Class 3 Ballot

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**:

1. This ballot contains voting options with respect to the Plan.

2. To vote, you <u>MUST</u>:   (a) fully complete the ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 2 of this ballot; and (c) sign, date, and return the ballot via email to gastar@bmcgroup.com and reference "Gastar" in the subject line by the Voting Deadline, as discussed below.

3. Any ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

4. To vote, you <u>MUST</u> deliver your completed ballot so that it is <u>ACTUALLY RECEIVED</u> by the Voting Agent on or before the Voting Deadline by one of the methods described above.   The Voting Deadline is 12:00 p.m. prevailing Central Time on October 30, 2018.

5. Any ballot received by the Voting Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company otherwise determines.   No ballot may be withdrawn or modified after the Voting Deadline without the Company's prior consent.

6. Delivery of a ballot reflecting your vote to the Voting Agent will be deemed to have occurred only when the Voting Agent actually receives the email attaching a scanned PDF copy of your executed ballot.   In all cases, you should allow sufficient time to assure timely delivery.

7. If you deliver multiple ballots to the Voting Agent, <u>ONLY</u> the last properly executed ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior ballot(s).

8. You must vote all of your Class 3 Hedge Party Claims either to accept or reject the Plan, and may not split your vote.   Further, if a holder has multiple Claims within Class 3, the Company may direct the Voting Agent to aggregate the Claims of any particular holder within Class 3 for the purpose of counting votes.

9. This ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Company's Chapter 11 Cases.

10. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11. <u>SIGN AND DATE</u> your ballot.[4]   In addition, please provide your name and mailing address if it is different from that set forth on the ballot or if no address is preprinted on the ballot.

---

[4]   If you are signing a ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

Gastar Exploration Inc., *et al.*
Class 3 Ballot

12. If your Claim is held in multiple accounts, you may receive more than one ballot coded for each such account for which your Claims are held. Each ballot votes only your Claims indicated on that ballot. Accordingly, complete and return each ballot you receive.

**PLEASE DELIVER YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAILING GASTAR@BMCGROUP.COM AND REFERENCE "GASTAR" IN THE SUBJECT LINE, OR BY CALLING +1 (888) 909-0100 (ASK FOR SOLICITATION GROUP).**

**<u>Exhibit 4</u>**

**Form of Class 4 Ballot**

Gastar Exploration Inc., *et al.*
Class 4 Ballot

**CLASS 4 BALLOT FOR VOTING ON
THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN[1]**

| | |
|---|---|
| **IMPORTANT NOTE**: | PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT AND THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN (THE "PLAN") OF GASTAR EXPLORATION INC., ET AL. (THE "COMPANY") INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "TRANSACTION") UPON THE EMERGENCE OF THE COMPANY FROM CHAPTER 11.  THE COMPANY HAS NOT COMMENCED CHAPTER 11 CASES AS OF THE DATE HEREOF. |
| **DEADLINE**: | THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY BMC GROUP, INC. (THE "VOTING AGENT") PRIOR TO 12:00 P.M. PREVAILING CENTRAL TIME ON OCTOBER 30, 2018 (THE "VOTING DEADLINE"). |
| **QUESTIONS**: | If you have any questions regarding this ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Voting Agent by emailing gastar@bmcgroup.com and reference "Gastar" in the subject line or at +1 (888) 909-0100 (ask for Solicitation Group), or at the following address: (a) if by regular mail BMC Group, Inc., Attn: Gastar Ballot Processing, PO Box 90100, Los Angeles, California, 90009, or (b) if by overnight delivery BMC Group, Inc., Attn: Gastar Ballot Processing, 3732 West 120th Street, Hawthorne, California, 90250. |
| **CLASS 4 NOTICE**: | You have received this ballot because the Company's books and records indicate that you are a holder of a Class 4 Statutory Lien Claim[2] as of October 25, 2018 (the "Voting Record Date").  Accordingly, you have the right to execute this ballot and to vote to accept or reject the Plan. |
| | This ballot may not be used for any purpose other than for casting votes with respect to the Plan and making certain certifications with respect to the Plan.  If you believe you have received this ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent immediately. |
| | You should review the Plan before you vote.  You may wish to seek legal advice concerning the proposals related to the Plan. |
| **TRANSACTION BACKGROUND**: | The Company is soliciting votes to accept or reject the Plan from holders of Hedge Party Claims, Statutory Lien Claims, Term Loan Claims, and Second Lien Notes Claims.  The Company may file Chapter 11 Cases in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Transaction through the chapter 11 bankruptcy process and the Plan.  The Company will file the Plan and the related disclosure statement (the "Disclosure Statement") with the Bankruptcy Court on or shortly after the date of the filing of the Chapter 11 Cases.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  Class 4 will accept the Plan if holders of at least two-thirds in amount and more than one-half in number of voting Class 4 Statutory Lien Claims that vote to accept the Plan  The Bankruptcy Court may confirm the Plan, which contemplates effecting the Transaction, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding |

---

[1]   The anticipated Debtors in the chapter 11 cases, along with the last four digits of each anticipated Debtor's federal tax identification number, include:  Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685).  The location of the anticipated Debtors' service address is:  1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2]   Capitalized terms used but not defined herein have the meanings given to them in the Plan.

on all holders of Allowed Claims in Class 4, among others.

| | |
|---|---|
| **TREATMENT OF YOUR CLASS 4 STATUTORY LIEN CLAIMS**: | Subject to the terms and conditions of the Plan, you will receive the following treatment if the Plan is consummated: |

Each holder of an Allowed Class 4 Claim shall receive:

    i.    on the Effective Date, cash in an amount equal to 50% of the Allowed amount of such holder's Allowed Class 4 Claim; and

    ii.   on the date that is six months following the Effective Date, cash in an amount equal to the remaining 50% of the Allowed amount of such holder's Allowed Class 4 Claim.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

Gastar Exploration Inc., *et al.*
Class 4 Ballot

**VOTING — COMPLETE THIS SECTION**

| | |
|---|---|
| **ITEM 1**:<br>**PRINCIPAL AMOUNT OF CLASS 4 STATUTORY LIEN CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder of Class 4 Statutory Lien Claims in the following aggregate amount (*please fill in the amount if not otherwise completed*): |

Amount of Claims:  $_____

| | |
|---|---|
| **ITEM 2**:<br>**VOTE TO ACCEPT OR REJECT THE PLAN** | You may vote to accept or reject the Plan.  You must check one of the boxes below in order to have your vote counted. |

The holder of the Class 4 Statutory Lien Claims set forth in Item 1 above votes to (*please check <u>one and only one</u>*):

☐   <u>**ACCEPT**</u> (VOTE FOR) THE PLAN

☐   <u>**REJECT**</u> (VOTE AGAINST) THE PLAN

Please note that you are voting all of your Class 4 Statutory Lien Claims either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your ballot with respect to this Item 2 will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes above, your ballot with respect to this Item 2 will not be counted.

The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast above will be applied in the same manner and in the same amount in Class 4 against each applicable Debtor.

| | |
|---|---|
| **ITEM 3**:<br>**RELEASE INFORMATION** | **Article VIII.D. of the Plan provides for a third-party release (the "<u>Third Party Release</u>"):** |

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER OF THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY HEREBY RELEASES AND DISCHARGES, AND IS DEEMED TO HAVE RELEASED AND DISCHARGED, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS) THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN THE DEBTORS, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DEFINITIVE DOCUMENTATION, RSA OR HEDGE PARTY RSA OR THE RELATED PREPETITION TRANSACTIONS, THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE FIRST LIEN EXIT**

FACILITY, THE HEDGE PARTY SECURED NOTES, THE SECOND LIEN EXIT FACILITY, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT RELATING TO ANY OF THE FOREGOING CREATED OR ENTERED INTO BEFORE OR DURING THE CHAPTER 11 CASES, ANY PREFERENCE, FRAUDULENT TRANSFER, OR OTHER AVOIDANCE CLAIM PURSUANT TO CHAPTER 5 OF THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, EXCEPT FOR ANY CAUSES OF ACTION RELATED TO AN ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD OR FRAUD GROUNDED IN DELIBERATE RECKLESSNESS.     NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, THE FOREGOING RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE FIRST LIEN EXIT FACILITY DOCUMENTS, THE SECOND LIEN EXIT FACILITY DOCUMENTS OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.

<u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE</u>:

UNDER THE PLAN, "RELEASING PARTIES" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING PARTIES; (D) THE TERM LENDERS; (E) THE SECOND LIEN NOTEHOLDERS; (F) THE ARES EQUITY HOLDERS; (G) THE TERM AGENT; (H) THE SECOND LIEN TRUSTEE; (I) THE DIP LENDERS; (J) THE DIP AGENT; (K) THE FIRST LIEN EXIT FACILITY LENDERS; (L) THE FIRST LIEN EXIT FACILITY AGENT; (M) THE SECOND LIEN EXIT FACILITY LENDERS (N) THE SECOND LIEN EXIT FACILITY AGENT; (O) THE HEDGE PARTIES; (P) ALL HOLDERS OF CLAIMS; (Q) ALL HOLDERS OF INTERESTS; AND (R) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (R), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PARTICIPANTS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, ATTORNEYS, ADVISORS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS

**SET FORTH ABOVE.  YOU MAY ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) VOTE TO REJECT THE PLAN AND (B) FILE AN OBJECTION TO THE THIRD PARTY RELEASES WITH THE COURT.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND FAIL TO FILE AN OBJECTION TO THE THIRD PARTY RELEASES WITH THE COURT, IN EACH CASE YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.**

Gastar Exploration Inc., *et al.*
Class 4 Ballot

**ITEM 4:**
**CERTIFICATIONS,**
**BALLOT**
**COMPLETION,**
**AND      DELIVERY**
**INSTRUCTIONS**

By signing this Class 4 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)  that, as of the Voting Record Date, either:  (i) the undersigned is the holder of the Statutory Lien Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a holder of the Statutory Lien Claims being voted;

(b)  that the undersigned (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)  that the undersigned has cast the same vote with respect to all Statutory Lien Claims in a single Class; and

(d)  that no other Class 4 Ballots with respect to the amount of the Statutory Lien Claims identified in Item 1 have been cast or, if any other Class 4 Ballots have been cast with respect to such Statutory Lien Claims, then any such earlier Class 4 Ballots are hereby revoked.

Gastar Exploration Inc., *et al.*
Class 4 Ballot

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Name of Holder: _____

_____

Signature: _____

Signatory Name (if other than
the holder): _____

Title: _____

Address: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE. PLEASE RETURN THIS BALLOT VIA EMAIL (ATTACHING A SCANNED PDF OF THE FULLY EXECUTED BALLOT) TO GASTAR@BMCGROUP.COM AND REFERENCE "GASTAR" IN THE SUBJECT LINE.**

**Telephone: +1 (888) 909-0100 (ask for Solicitation Group)**

**Email: Gastar@bmcgroup.com
and reference "Gastar" in the subject line**

**Important Information Regarding Releases under the Plan**:

The Plan includes the following release provisions:[3]

<u>Article VIII.C: Releases by the Debtors</u>

      **Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocable and forever, released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' capital structure, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, the RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Credit Agreement, or the Plan, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court competent of jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents and the Second Lien Exit Facility Documents.**

<u>Article VIII.D.: Releases by Holders of Claims and Interests</u>

      **Except as otherwise expressly set forth in this Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party hereby releases and discharges, and is deemed to have released and discharged, conclusively, absolutely, unconditionally, irrevocably and forever, each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise (including any derivative claims, asserted on behalf of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document relating to any of**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this ballot.

the foregoing created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to a an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness. Notwithstanding anything contained herein to the contrary, the foregoing release does not release any Post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents, the Second Lien Exit Facility Documents or any Claim or obligation arising under the Plan.

## Article VIII.E: Exculpation

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA and related prepetition transactions, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the Plan Supplement, the Definitive Documentation, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## Article VIII.F: Injunction

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action, suit or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan.

Gastar Exploration Inc., *et al.*
Class 4 Ballot

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**:

1. This ballot contains voting options with respect to the Plan.

2. To vote, you <u>MUST</u>:   (a) fully complete the ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 2 of this ballot; and (c) sign, date, and return the ballot via email to gastar@bmcgroup.com and reference "Gastar" in the subject line by the Voting Deadline, as discussed below.

3. Any ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

4. To vote, you <u>MUST</u> deliver your completed ballot so that it is <u>ACTUALLY RECEIVED</u> by the Voting Agent on or before the Voting Deadline by one of the methods described above.   The Voting Deadline is 12:00 p.m. prevailing Central Time on October 30, 2018.

5. Any ballot received by the Voting Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company otherwise determines.   No ballot may be withdrawn or modified after the Voting Deadline without the Company's prior consent.

6. Delivery of a ballot reflecting your vote to the Voting Agent will be deemed to have occurred only when the Voting Agent actually receives the email attaching a scanned PDF copy of your executed ballot.   In all cases, you should allow sufficient time to assure timely delivery.

7. If you deliver multiple ballots to the Voting Agent, <u>ONLY</u> the last properly executed ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior ballot(s).

8. You must vote all of your Class 4 Statutory Lien Claims either to accept or reject the Plan, and may not split your vote.   Further, if a holder has multiple Claims within Class 4, the Company may direct the Voting Agent to aggregate the Claims of any particular holder within Class 4 for the purpose of counting votes.

9. This ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Company's Chapter 11 Cases.

10. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11. <u>SIGN AND DATE</u> your ballot.[4]   In addition, please provide your name and mailing address if it is different from that set forth on the ballot or if no address is preprinted on the ballot.

---

[4]   If you are signing a ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

12. If your Claim is held in multiple accounts, you may receive more than one ballot coded for each such account for which your Claims are held.  Each ballot votes only your Claims indicated on that ballot.  Accordingly, complete and return each ballot you receive.

**PLEASE DELIVER YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAILING GASTAR@BMCGROUP.COM AND REFERENCE "GASTAR" IN THE SUBJECT LINE, OR BY CALLING +1 (888) 909-0100 (ASK FOR SOLICITATION GROUP).**

## **Exhibit 5**

**Form of Class 5 Ballot**

Gastar Exploration Inc., *et al.*
Class 5 Ballot

### CLASS 5 BALLOT FOR VOTING ON
### THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN[1]

| | |
|---|---|
| **IMPORTANT NOTE**: | PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT AND THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN (THE "<u>PLAN</u>") OF GASTAR EXPLORATION INC., ET AL. (THE "<u>COMPANY</u>") INCLUDED WITH THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT. THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "<u>TRANSACTION</u>") UPON THE EMERGENCE OF THE COMPANY FROM CHAPTER 11. THE COMPANY HAS NOT COMMENCED CHAPTER 11 CASES AS OF THE DATE HEREOF. |
| **DEADLINE**: | THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY</u> RECEIVED BY BMC GROUP, INC. (THE "<u>VOTING AGENT</u>") PRIOR TO 12:00 P.M. PREVAILING CENTRAL TIME ON OCTOBER 30, 2018 (THE "<u>VOTING DEADLINE</u>"). |
| **QUESTIONS**: | If you have any questions regarding this ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Voting Agent by emailing gastar@bmcgroup.com and reference "Gastar" in the subject line or at +1 (888) 909-0100 (ask for Solicitation Group), or at the following address: (a) if by regular mail BMC Group, Inc., Attn: Gastar Ballot Processing, PO Box 90100, Los Angeles, California, 90009, or (b) if by overnight delivery BMC Group, Inc., Attn: Gastar Ballot Processing, 3732 West 120th Street, Hawthorne, California, 90250. |
| **CLASS 5 NOTICE**: | You have received this ballot because the Company's books and records indicate that you are a holder of a Class 5 Term Loan Claim[2] as of October 25, 2018 (the "<u>Voting Record Date</u>"). Accordingly, you have the right to execute this ballot and to vote to accept or reject the Plan. |
| | This ballot may not be used for any purpose other than for casting votes with respect to the Plan and making certain certifications with respect to the Plan. If you believe you have received this ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent immediately. |
| | You should review the Plan before you vote. You may wish to seek legal advice concerning the proposals related to the Plan. |
| **TRANSACTION BACKGROUND**: | The Company is soliciting votes to accept or reject the Plan from holders of Hedge Party Claims, Statutory Lien Claims, Term Loan Claims, and Second Lien Notes Claims. The Company may file Chapter 11 Cases in a bankruptcy court of competent jurisdiction (the "<u>Bankruptcy Court</u>") and seek to consummate the Transaction through the chapter 11 bankruptcy process and the Plan. The Company will file the Plan and the related disclosure statement (the "<u>Disclosure Statement</u>") with the Bankruptcy Court on or shortly after the date of the filing of the Chapter 11 Cases. Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. Class 5 will accept the Plan if holders of at least two-thirds in amount and more than one-half in number of voting Class 5 Term Loan Claims that vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effecting the Transaction, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding |

---

[1]   The anticipated Debtors in the chapter 11 cases, along with the last four digits of each anticipated Debtor's federal tax identification number, include:  Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685).  The location of the anticipated Debtors' service address is:  1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2]   Capitalized terms used but not defined herein have the meanings given to them in the Plan.

on all holders of Allowed Claims in Class 5, among others.

**TREATMENT OF YOUR CLASS 5 TERM LOAN CLAIMS**:

Subject to the terms and conditions of the Plan, you will receive the following treatment if the Plan is consummated:

Each holder of an Allowed Class 5 Claim shall receive:

i.   only to the extent there is remaining availability under the the Second Lien Exit Facility after the refinancing and satisfaction of all Allowed DIP Claims in accordance with Article II.B of this Plan, its Pro Rata share of participation in such remaining availability under the Second Lien Exit Facility in an equal face amount not to exceed $200 million; and

ii.  to the extent there are remaining Allowed Class 5 Claims not refinanced or otherwise satisfied pursuant to the Second Lien Exit Facility (which remaining amounts shall constitute Equitized Senior Obligations) its Pro Rata share (measured by reference to the aggregate amount of Equitized Senior Obligations, Second Lien Notes Claims, and, as applicable upon occurrence of a DIP Toggle Event, General Unsecured Claims) of 100% of the New Common Equity, subject to dilution on account of, as applicable, the Management Incentive Plan and the New Warrants.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

**VOTING — COMPLETE THIS SECTION**

| | |
|---|---|
| **ITEM 1**: **PRINCIPAL AMOUNT OF CLASS 5 TERM LOAN CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder of Class 5 Term Loan Claims in the following aggregate amount (*please fill in the amount if not otherwise completed*): |

Amount of Claims:  $_____

**ITEM 2**: **VOTE TO ACCEPT OR REJECT THE PLAN**

You may vote to accept or reject the Plan.  You must check one of the boxes below in order to have your vote counted.

The holder of the Class 5 Term Loan Claims set forth in Item 1 above votes to (*please check one and only one*):

☐    <u>**ACCEPT**</u> (VOTE FOR) THE PLAN

☐    <u>**REJECT**</u> (VOTE AGAINST) THE PLAN

Please note that you are voting all of your Class 5 Term Loan Claims either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your ballot with respect to this Item 2 will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes above, your ballot with respect to this Item 2 will not be counted.

The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast above will be applied in the same manner and in the same amount in Class 5 against each applicable Debtor.

**ITEM 3**: **RELEASE INFORMATION**

**Article VIII.D. of the Plan provides for a third-party release (the "<u>Third Party Release</u>"):**

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER OF THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY HEREBY RELEASES AND DISCHARGES, AND IS DEEMED TO HAVE RELEASED AND DISCHARGED, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS) THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN THE DEBTORS, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DEFINITIVE DOCUMENTATION, RSA OR HEDGE PARTY RSA OR THE RELATED PREPETITION TRANSACTIONS, THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE FIRST LIEN EXIT FACILITY, THE HEDGE PARTY SECURED NOTES, THE SECOND LIEN EXIT**

3

FACILITY, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT RELATING TO ANY OF THE FOREGOING CREATED OR ENTERED INTO BEFORE OR DURING THE CHAPTER 11 CASES, ANY PREFERENCE, FRAUDULENT TRANSFER, OR OTHER AVOIDANCE CLAIM PURSUANT TO CHAPTER 5 OF THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW,  THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, EXCEPT FOR ANY CAUSES OF ACTION RELATED TO AN ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD OR FRAUD GROUNDED IN DELIBERATE RECKLESSNESS.   NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, THE FOREGOING RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE FIRST LIEN EXIT FACILITY DOCUMENTS, THE SECOND LIEN EXIT FACILITY DOCUMENTS OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.

<u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE</u>:

UNDER THE PLAN, "RELEASING PARTIES" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING PARTIES; (D) THE TERM LENDERS; (E) THE SECOND LIEN NOTEHOLDERS; (F) THE ARES EQUITY HOLDERS; (G) THE TERM AGENT; (H) THE SECOND LIEN TRUSTEE; (I) THE DIP LENDERS; (J) THE DIP AGENT; (K) THE FIRST LIEN EXIT FACILITY LENDERS; (L) THE FIRST LIEN EXIT FACILITY AGENT; (M) THE SECOND LIEN EXIT FACILITY LENDERS (N) THE SECOND LIEN EXIT FACILITY AGENT; (O) THE HEDGE PARTIES; (P) ALL HOLDERS OF CLAIMS; (Q) ALL HOLDERS OF INTERESTS; AND (R) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (R), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PARTICIPANTS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, ATTORNEYS, ADVISORS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY ELECT NOT TO GRANT THE RELEASES

4

**CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) VOTE TO REJECT THE PLAN AND (B) FILE AN OBJECTION TO THE THIRD PARTY RELEASES WITH THE COURT. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND FAIL TO FILE AN OBJECTION TO THE THIRD PARTY RELEASES WITH THE COURT, IN EACH CASE YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.**

Gastar Exploration Inc., *et al.*
Class 5 Ballot

**ITEM 4:**
**CERTIFICATIONS,**
**BALLOT**
**COMPLETION,**
**AND DELIVERY**
**INSTRUCTIONS**

By signing this Class 5 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a) that, as of the Voting Record Date, either:  (i) the undersigned is the holder of the Term Loan Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a holder of the Term Loan Claims being voted;

(b) that the undersigned (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the undersigned has cast the same vote with respect to all Term Loan Claims in a single Class; and

(d) that no other Class 5 Ballots with respect to the amount of the Term Loan Claims identified in Item 1 have been cast or, if any other Class 5 Ballots have been cast with respect to such Term Loan Claims, then any such earlier Class 5 Ballots are hereby revoked.

Gastar Exploration Inc., *et al.*
Class 5 Ballot

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Name of Holder: _____

_____

Signature: _____

Signatory Name (if other than the holder): _____

Title: _____

Address: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE.  PLEASE RETURN THIS BALLOT VIA EMAIL (ATTACHING A SCANNED PDF OF THE FULLY EXECUTED BALLOT) TO GASTAR@BMCGROUP.COM AND REFERENCE "GASTAR" IN THE SUBJECT LINE.**

**Telephone: +1 (888) 909-0100 (ask for Solicitation Group)**

**Email: Gastar@bmcgroup.com
and reference "Gastar" in the subject line**

Gastar Exploration Inc., *et al.*
Class 5 Ballot

**Important Information Regarding Releases under the Plan**:

The Plan includes the following release provisions:[3]

## Article VIII.C: Releases by the Debtors

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocable and forever, released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' capital structure, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, the RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Credit Agreement, or the Plan, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents and the Second Lien Exit Facility Documents.

## Article VIII.D.: Releases by Holders of Claims and Interests

Except as otherwise expressly set forth in this Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party hereby releases and discharges, and is deemed to have released and discharged, conclusively, absolutely, unconditionally, irrevocably and forever, each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise (including any derivative claims, asserted on behalf of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document relating to any of

---

[3]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this ballot.

the foregoing created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim pursuant to chapter 5 of the Bankruptcy Code or other applicable law,  the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness. Notwithstanding anything contained herein to the contrary, the foregoing release does not release any Post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents, the Second Lien Exit Facility Documents or any Claim or obligation arising under the Plan.

## Article VIII.E: Exculpation

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA and related prepetition transactions, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the Plan Supplement, the Definitive Documentation, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## Article VIII.F: Injunction

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action, suit or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan.

|                         |     |                                                                                                                                                                                                                                                                                                                                                           |
| ----------------------- | --- | --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| **INSTRUCTIONS FOR COMPLETING THIS BALLOT**: | 1.  | This ballot contains voting options with respect to the Plan. |

2.  To vote, you <u>MUST</u>:   (a) fully complete the ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 2 of this ballot; and (c) sign, date, and return the ballot via email to gastar@bmcgroup.com and reference "Gastar" in the subject line by the Voting Deadline, as discussed below.

3.  Any ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

4.  To vote, you <u>MUST</u> deliver your completed ballot so that it is <u>ACTUALLY RECEIVED</u> by the Voting Agent on or before the Voting Deadline by one of the methods described above.  The Voting Deadline is 12:00 p.m. prevailing Central Time on October 30, 2018.

5.  Any ballot received by the Voting Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company otherwise determines.  No ballot may be withdrawn or modified after the Voting Deadline without the Company's prior consent.

6.  Delivery of a ballot reflecting your vote to the Voting Agent will be deemed to have occurred only when the Voting Agent actually receives the email attaching a scanned PDF copy of your executed ballot.  In all cases, you should allow sufficient time to assure timely delivery.

7.  If you deliver multiple ballots to the Voting Agent, <u>ONLY</u> the last properly executed ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior ballot(s).

8.  You must vote all of your Class 5 Term Loan Claims either to accept or reject the Plan, and may not split your vote.  Further, if a holder has multiple Claims within Class 5, the Company may direct the Voting Agent to aggregate the Claims of any particular holder within Class 5 for the purpose of counting votes.

9.  This ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Company's Chapter 11 Cases.

10. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11. <u>SIGN AND DATE</u> your ballot.[4]  In addition, please provide your name and mailing address if it is different from that set forth on the ballot or if no address is preprinted on the ballot.

---

[4]   If you are signing a ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

12. If your Claim is held in multiple accounts, you may receive more than one ballot coded for each such account for which your Claims are held. Each ballot votes only your Claims indicated on that ballot. Accordingly, complete and return each ballot you receive.

**PLEASE DELIVER YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAILING GASTAR@BMCGROUP.COM AND REFERENCE "GASTAR" IN THE SUBJECT LINE, OR BY CALLING +1 (888) 909-0100 (ASK FOR SOLICITATION GROUP).**

**Exhibit 6**

**Form of Class 6 Ballot**

**CLASS 6 BALLOT FOR VOTING ON
THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN**[1]

| | |
|---|---|
| **IMPORTANT NOTE**: | PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT AND THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN (THE "<u>PLAN</u>") OF GASTAR EXPLORATION INC., ET AL. (THE "<u>COMPANY</u>") INCLUDED WITH THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "<u>TRANSACTION</u>") UPON THE EMERGENCE OF THE COMPANY FROM CHAPTER 11.  THE COMPANY HAS NOT COMMENCED CHAPTER 11 CASES AS OF THE DATE HEREOF. |
| **DEADLINE**: | THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY</u> RECEIVED BY BMC GROUP, INC. (THE "<u>VOTING AGENT</u>") PRIOR TO 12:00 P.M. PREVAILING CENTRAL TIME ON OCTOBER 30, 2018 (THE "<u>VOTING DEADLINE</u>"). |
| **QUESTIONS**: | If you have any questions regarding this ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Voting Agent by emailing gastar@bmcgroup.com and reference "Gastar" in the subject line or at +1 (888) 909-0100 (ask for Solicitation Group), or at the following address: (a) if by regular mail BMC Group, Inc., Attn: Gastar Ballot Processing, PO Box 90100, Los Angeles, California, 90009, or (b) if by overnight delivery BMC Group, Inc., Attn: Gastar Ballot Processing, 3732 West 120th Street, Hawthorne, California, 90250. |
| **CLASS 6 NOTICE**: | You have received this ballot because the Company's books and records indicate that you are a holder of a Class 6 Second Lien Notes Claim[2] as of October 25, 2018 (the "<u>Voting Record Date</u>").  Accordingly, you have the right to execute this ballot and to vote to accept or reject the Plan. |
| | This ballot may not be used for any purpose other than for casting votes with respect to the Plan and making certain certifications with respect to the Plan.  If you believe you have received this ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent immediately. |
| | You should review the Plan before you vote.  You may wish to seek legal advice concerning the proposals related to the Plan. |
| **TRANSACTION BACKGROUND**: | The Company is soliciting votes to accept or reject the Plan from holders of Hedge Party Claims, Statutory Lien Claims, Term Loan Claims, and Second Lien Notes Claims.  The Company may file Chapter 11 Cases in a bankruptcy court of competent jurisdiction (the "<u>Bankruptcy Court</u>") and seek to consummate the Transaction through the chapter 11 bankruptcy process and the Plan.  The Company will file the Plan and the related disclosure statement (the "<u>Disclosure Statement</u>") with the Bankruptcy Court on or shortly after the date of the filing of the Chapter 11 Cases.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  Class 6 will accept the Plan if holders of at least two-thirds in amount and more than one-half in number of voting Class 6 Second Lien Notes Claims that vote to accept the Plan  The Bankruptcy Court may confirm the Plan, which contemplates effecting the Transaction, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be |

---

[1]  The anticipated Debtors in the chapter 11 cases, along with the last four digits of each anticipated Debtor's federal tax identification number, include:  Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685).  The location of the anticipated Debtors' service address is:  1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2]  Capitalized terms used but not defined herein have the meanings given to them in the Plan.

Gastar Exploration Inc., *et al.*
Class 6 Ballot

binding on all holders of Allowed Claims in Class 6, among others.

**TREATMENT OF YOUR CLASS 6 SECOND LIEN NOTES CLAIMS**:

Subject to the terms and conditions of the Plan, you will receive the following treatment if the Plan is consummated:

Each holder of an Allowed Class 6 Claim shall receive its Pro Rata share (measured by reference to the aggregate amount of Equitized Senior Obligations, Second Lien Notes Claims, and, as applicable upon the occurrence of a DIP Toggle Event, General Unsecured Claims) of 100% of the New Common Equity, subject to dilution on account of, as applicable, the Management Incentive Plan and the New Warrants.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

Gastar Exploration Inc., *et al.*
Class 6 Ballot

**VOTING — COMPLETE THIS SECTION**

| | |
|---|---|
| **ITEM 1:**<br>**PRINCIPAL**<br>**AMOUNT OF**<br>**CLASS 6 SECOND**<br>**LIEN NOTES**<br>**CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder of Class 6 Second Lien Notes Claims in the following aggregate amount (*please fill in the amount if not otherwise completed*): |

Amount of Claims:  $_____

| | |
|---|---|
| **ITEM 2:**<br>**VOTE TO ACCEPT**<br>**OR REJECT THE**<br>**PLAN** | You may vote to accept or reject the Plan.  You must check one of the boxes below in order to have your vote counted.<br><br>The holder of the Class 6 Second Lien Notes Claims set forth in Item 1 above votes to (*please check <u>one and only one</u>*): |

    ☐    <u>**ACCEPT**</u> (VOTE FOR) THE PLAN

    ☐    <u>**REJECT**</u> (VOTE AGAINST) THE PLAN

Please note that you are voting all of your Class 6 Second Lien Notes Claims either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your ballot with respect to this Item 2 will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes above, your ballot with respect to this Item 2 will not be counted.

The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor. Accordingly, your vote cast above will be applied in the same manner and in the same amount in Class 6 against each applicable Debtor.

| | |
|---|---|
| **ITEM 3:**<br>**RELEASE**<br>**INFORMATION** | **Article VIII.D. of the Plan provides for a third-party release (the "<u>Third Party Release</u>"):** |

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER OF THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY HEREBY RELEASES AND DISCHARGES, AND IS DEEMED TO HAVE RELEASED AND DISCHARGED, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS) THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN THE DEBTORS, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DEFINITIVE DOCUMENTATION, RSA OR HEDGE PARTY RSA OR THE RELATED PREPETITION TRANSACTIONS, THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE FIRST LIEN EXIT**

FACILITY, THE HEDGE PARTY SECURED NOTES, THE SECOND LIEN EXIT FACILITY, THE PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE PLAN SUPPLEMENT), OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT RELATING TO ANY OF THE FOREGOING CREATED OR ENTERED INTO BEFORE OR DURING THE CHAPTER 11 CASES, ANY PREFERENCE, FRAUDULENT TRANSFER, OR OTHER AVOIDANCE CLAIM PURSUANT TO CHAPTER 5 OF THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, EXCEPT FOR ANY CAUSES OF ACTION RELATED TO AN ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD OR FRAUD GROUNDED IN DELIBERATE RECKLESSNESS. NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, THE FOREGOING RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE FIRST LIEN EXIT FACILITY DOCUMENTS, THE SECOND LIEN EXIT FACILITY DOCUMENTS OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.

**IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE**:

UNDER THE PLAN, "RELEASING PARTIES" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING PARTIES; (D) THE TERM LENDERS; (E) THE SECOND LIEN NOTEHOLDERS; (F) THE ARES EQUITY HOLDERS; (G) THE TERM AGENT; (H) THE SECOND LIEN TRUSTEE; (I) THE DIP LENDERS; (J) THE DIP AGENT; (K) THE FIRST LIEN EXIT FACILITY LENDERS; (L) THE FIRST LIEN EXIT FACILITY AGENT; (M) THE SECOND LIEN EXIT FACILITY LENDERS (N) THE SECOND LIEN EXIT FACILITY AGENT; (O) THE HEDGE PARTIES; (P) ALL HOLDERS OF CLAIMS; (Q) ALL HOLDERS OF INTERESTS; AND (R) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (R), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PARTICIPANTS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, ATTORNEYS, ADVISORS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS

**SET FORTH ABOVE. YOU MAY ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) VOTE TO REJECT THE PLAN AND (B) FILE AN OBJECTION TO THE THIRD PARTY RELEASES WITH THE COURT. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND FAIL TO FILE AN OBJECTION TO THE THIRD PARTY RELEASES WITH THE COURT, IN EACH CASE YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.**

| | |
|---|---|
| **ITEM 4:**<br>**CERTIFICATIONS,**<br>**BALLOT**<br>**COMPLETION,**<br>**AND    DELIVERY**<br>**INSTRUCTIONS** | By signing this Class 6 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors: |

(a) that, as of the Voting Record Date, either:  (i) the undersigned is the holder of the Second Lien Notes Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a holder of the Second Lien Notes Claims being voted;

(b) that the undersigned (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the undersigned has cast the same vote with respect to all Second Lien Notes Claims in a single Class; and

(d) that no other Class 6 Ballots with respect to the amount of the Second Lien Notes Claims identified in Item 1 have been cast or, if any other Class 6 Ballots have been cast with respect to such Second Lien Notes Claims, then any such earlier Class 6 Ballots are hereby revoked.

Gastar Exploration Inc., *et al.*
Class 6 Ballot

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Name of Holder: _____

_____

Signature: _____

Signatory Name (if other than
the holder): _____

Title: _____

Address: _____

Email Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY.   THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE.  PLEASE RETURN THIS BALLOT VIA EMAIL (ATTACHING A SCANNED PDF OF THE FULLY EXECUTED BALLOT) TO GASTAR@BMCGROUP.COM AND REFERENCE "GASTAR" IN THE SUBJECT LINE.**

**Telephone: +1 (888) 909-0100 (ask for Solicitation Group)**

**Email: Gastar@bmcgroup.com
and reference "Gastar" in the subject line**

7

**Important Information Regarding Releases under the Plan**:

The Plan includes the following release provisions:[3]

**Article VIII.C: Releases by the Debtors**

      Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocable and forever, released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' capital structure, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, the RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the DIP Credit Agreement, or the Plan, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents and the Second Lien Exit Facility Documents.

**Article VIII.D.: Releases by Holders of Claims and Interests**

      Except as otherwise expressly set forth in this Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party hereby releases and discharges, and is deemed to have released and discharged, conclusively, absolutely, unconditionally, irrevocably and forever, each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise (including any derivative claims, asserted on behalf of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between the Debtors, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Definitive Documentation, RSA or Hedge Party RSA or the related prepetition transactions, the Disclosure Statement, the DIP Facility, the First Lien Exit Facility, the Hedge Party Secured Notes, the Second Lien Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document relating to any of

---

[3]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this ballot.

the foregoing created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim pursuant to chapter 5 of the Bankruptcy Code or other applicable law,  the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or fraud grounded in deliberate recklessness. Notwithstanding anything contained herein to the contrary, the foregoing release does not release any Post-Effective Date obligations of any party or entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the First Lien Exit Facility Documents, the Second Lien Exit Facility Documents or any Claim or obligation arising under the Plan.

## Article VIII.E: Exculpation

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA and related prepetition transactions, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the Plan Supplement, the Definitive Documentation, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## Article VIII.F: Injunction

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action, suit or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument or agreement (including those included in the Plan Supplement) executed to implement the Plan.

Gastar Exploration Inc., *et al.*
Class 6 Ballot

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**:

1. This ballot contains voting options with respect to the Plan.

2. To vote, you <u>MUST</u>:  (a) fully complete the ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 2 of this ballot; and (c) sign, date, and return the ballot via email to gastar@bmcgroup.com and reference "Gastar" in the subject line by the Voting Deadline, as discussed below.

3. Any ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Company otherwise determines.

4. To vote, you <u>MUST</u> deliver your completed ballot so that it is <u>ACTUALLY RECEIVED</u> by the Voting Agent on or before the Voting Deadline by one of the methods described above.  The Voting Deadline is 12:00 p.m. prevailing Central Time on October 30, 2018.

5. Any ballot received by the Voting Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Company otherwise determines.  No ballot may be withdrawn or modified after the Voting Deadline without the Company's prior consent.

6. Delivery of a ballot reflecting your vote to the Voting Agent will be deemed to have occurred only when the Voting Agent actually receives the email attaching a scanned PDF copy of your executed ballot.  In all cases, you should allow sufficient time to assure timely delivery.

7. If you deliver multiple ballots to the Voting Agent, <u>ONLY</u> the last properly executed ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior ballot(s).

8. You must vote all of your Class 6 Second Lien Notes Claims either to accept or reject the Plan, and may not split your vote. Further, if a holder has multiple Claims within Class 6, the Company may direct the Voting Agent to aggregate the Claims of any particular holder within Class 6 for the purpose of counting votes.

9. This ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Company's Chapter 11 Cases.

10. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11. <u>SIGN AND DATE</u> your ballot.[4]  In addition, please provide your name and mailing address if it is different from that set forth on the ballot or if no address is preprinted on the ballot.

---

[4]   If you are signing a ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Company, the Company's proposed counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

12.  If your Claim is held in multiple accounts, you may receive more than one ballot coded for each such account for which your Claims are held.  Each ballot votes only your Claims indicated on that ballot.  Accordingly, complete and return each ballot you receive.

**<u>PLEASE DELIVER YOUR BALLOT PROMPTLY</u>!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAILING GASTAR@BMCGROUP.COM AND REFERENCE "GASTAR" IN THE SUBJECT LINE, OR BY CALLING +1 (888) 909-0100 (ASK FOR SOLICITATION GROUP).**