IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GASTAR EXPLORATION INC., *et al.*,[1] | § | Case No. 18-36057 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | Re:  Docket No. 20 |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to pay allowed prepetition claims (collectively, the "Accounts Payable Claims")[3] of general unsecured creditors and creditors whose Accounts Payable Claims may give rise to liens under certain state and federal laws, that are not Debtors or "affiliates" (as such term is defined in section 101(2) of the Bankruptcy Code) of the Debtors (collectively, the "Creditors") in the ordinary course of business, (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685).  The location of the Debtors' service address is: 1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]  Contemporaneously with the filing of this Motion, the Debtors have filed certain other "first day" motions seeking authority to satisfy certain prepetition obligations to parties including, among others, employees, and taxing authorities.  This Motion is not duplicative of any such motion.  As used herein, the term "Accounts Payable Claims" includes no obligation the Debtors seek to pay under separate motion. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any asserted claim.

pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on November 28, 2018, at 2:00 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on November 23, 2018, and shall be served on: (a) the Debtors, 1331 Lamar Street, Suite 650, Houston, Texas 77010, Attn: Michael A. Gerlich; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ross M. Kwasteniet, P.C. and John R. Luze, and (ii) Jackson Walker L.L.P., 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn: Patricia B. Tomasco, Elizabeth C. Freeman, and Matthew D. Cavenaugh; (c) counsel to any statutory committee appointed in these cases; (d) counsel to Ares Management LLC and its affiliated funds, Milbank, Tweed, Hadley & McCloy LLP, 2029 Century

Park East, Los Angeles, California, 90067-3019, Attn: Paul Aronzon, Thomas R. Kreller, and Haig M. Maghakian; and (e) the Office of the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to pay Accounts Payable Claims of Creditors, up to the aggregate corresponding amounts pending entry of the Final Order:

    a. Operating Expenses up to $5.0 million;

    b. Drilling and Completion Costs up to $3.5 million; and

    c. Land Costs up to $1.5 million.

4. For the avoidance of doubt, the Debtors shall not pay any G&A Expenses pending entry of a Final Order.

5. If the Debtors intend to make any single payment on account of a prepetition Accounts Payable claim that exceeds, in the aggregate, $10 million (the "Trade Claimant Cap"), then the Debtors must provide two (2) business days' advance notice to, and opportunity to object by, the U.S. Trustee; provided, that is the U.S. Trustee objects to the additional payment to a single Creditor on account of an Accounts Payable Claim, the Debtors shall not make such payment, solely to the extent of any such objection and only to the extent such disputed payment exceeds the Trade Claimant Cap, without further order of the Court or written consent from the U.S. Trustee.

6. The Debtors shall condition payment of an Accounts Payable Claim on a Creditor's maintenance or application of Customary Terms.

7. If a Creditor, after receiving payment on account of an Accounts Payable Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with a Debtor,

the applicable Debtor may exercise any and all rights to seek recovery of the sums paid, including to deem such payment to apply instead to any postpetition amount that may be owing to such Creditor or treat such payment as an avoidable postpetition transfer of property.

8. The Debtors shall maintain a matrix of trade claims and amounts paid subject to the terms and conditions of this Interim Order, including the following information: (a) the name of the Claimant paid; (b) the amount of the payment to such Claimant; (c) the total amount paid to the Claimant to date; (d) the category of Claimant, as further described and classified in the Motion; (e) the payment date; and (f) the purpose of such payment. Debtors shall provide a copy of such matrix to the U.S. Trustee, the Debtors' proposed postpetition lenders, and any statutory committee appointed in these chapter 11 cases every other week beginning upon entry of this Interim Order.

9. Nothing herein shall impair or prejudice the rights of the U.S. Trustee, the Debtors' proposed postpetition lenders, and any statutory committee appointed in these chapter 11 cases, which are expressly reserved, to object to any payment to a Claimant that is an affiliate (as such term is defined in section 101(2) of the Bankruptcy Code), of the Debtors, an insider (as such term is defined in section 101(31) of the Bankruptcy Code), of the Debtors, or an affiliate of an insider, of the Debtors. To the extent the Debtors intend to make a payment to a Claimant that is an affiliate, insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practicable, provide three (3) business days' advance notice to, and opportunity to object by the U.S. Trustee, the Debtors' proposed postpetition lenders, and any statutory committee appointed in these chapter 11 cases; provided, that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court.

10. Nothing herein shall authorize payment for any claim that does not give rise to liens under state or federal law.

11. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Accounts Payable Claims.

14. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder shall be subject to the terms, conditions, requirements and budgets imposed on the

Debtors under the Debtors' postpetition financing documents (the "DIP Documents") and any order governing the Debtors' use of cash collateral and entry into the DIP Documents.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2018
Houston, Texas

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE