IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| | § | |
| GASTAR EXPLORATION, INC., ET AL., | § | Case No. 18-36057 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**OBJECTION OF HARRIS COUNTY TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION SECURED FINANCING, (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) AUTHORIZING THE USE OF CASH COLLATERAL, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL HEARING, AND (VII) <u>GRANTING RELATED RELIEF</u>**
(Ref. Docket No. 33, 76)

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

NOW COMES, Harris County and the entities for which it collects ("Harris County"), and files this objection to *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "Motion"), and respectfully represents:

1. Harris County has a filed prepetition secured proof of claim herein for *ad valorem* property taxes assessed against Gastar Exploration, Inc., *et al.* ("Debtors") for property taxes for tax year 2018 in the estimated amount of $24,270.39.

1

2. Harris County is a fully secured *ad valorem* tax creditor of Debtors, holding prior perfected liens against property of the Estate. Harris County's claim is secured by first priority liens pursuant to the Texas Tax Code § 32.01, *et seq.*

3. Section 32.01 provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.
>
> (b) A tax lien on inventory, furniture, equipment and other personal property is a lien in solido and attaches to inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> (d) The lien under this section is perfected on attachment and…perfection requires no further action by the taxing unit.

TEX TAX CODE ANN § 32.01(a)-(b), (d) (Vernon 2001).

4. Further, pursuant to section 32.05 (b) of the Texas Property Tax Code, Harris County's liens are superior to the claims of creditors of the property's owners and to claims of persons holding liens on the property. Section 32.05(b) provides that:

> [A] tax lien provided by this chapter takes priority over the claims of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.

TEX. PROP. TAX CODE § 32.05(b); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S.W.2d 841 (Tex. App. – Eastland 1995, no writ) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the

2

taxing unit's statutory tax lien). The tax lien is also unavoidable. *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

6. Harris County objects to the Motion to the extent that it purports to prime the superior lien position of Harris County. Harris County would require that entry of the order be conditioned upon the inclusion of language that provides that the ad valorem tax liens will not be primed by nor made subordinate to any liens granted to any party under the DIP Order.

7. Further, paragraph 10(d)(i) of the Interim Order provides that all proceeds of the DIP Collateral shall be applied to the DIP Obligations. To the extent that any personal property that is subject to Harris County's liens is sold, such proceeds constitute the cash collateral of Harris County. Absent an established ad valorem tax reserve, Harris County objects to the use of its cash collateral.

WHEREFORE, PREMISES CONSIDERED, Harris County requests the Court deny the Motion unless and until all issues raised herein are resolved, and grant Harris County such other and further relief, at law or in equity, as is just.

[Concluded on the following page]

Dated: November 20, 2018

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**

*/s/ John P. Dillman*
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Facsimile*
john.dillman@lgbs.com
tara.grundemeier@lgbs.com

*Counsel for Harris County*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the entities listed below by either electronic court filing or by placing same, in the United States mail, first class, postage fully prepaid on November 20, 2018:

Debtor
Gastar Exploration, Inc.
1331 Lamar Street, Suite 650
Houston, TX 77010
Attn: Michael A. Gerlich
Trent Determann,

Counsel for Debtor
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Attn: Ross M. Kwasteniet, P.C.
John R. Luze, Esq.

United States Trustee
Hector Duran, Jr., Esq.
Stephen Douglas Statham, Esq.
Office of the U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002

Milbank, Tweed, Hadley & McCloy LLP
2029 Century Park
East, 33rd Floor
Los Angeles, CA 90067
Attn: Paul Aronzon, Esq.

Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
Attn: Alan Glantz, Esq.

Haynes and Boone, LLP
2323 Victory Ave # 700
Dallas, TX 75219
Attn: J. Frasher Murphy
& 1221 McKinney Street, Suite 2100
Houston, TX 77007
Attn: Arsalan Muhammad

*/s/ Tara L. Grundemeier*
**Tara L. Grundemeier**