THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § § § § § § | |
| **GASTAR EXPLORATION INC.**, *et al.*, | | **Case No. 18-36057 (MI)** **Chapter 11** **(Jointly Administered)** |
| **Debtors** | | |

**LIMITED CONDITIONAL OBJECTION
OF TEXAS RAW ET AL TO CONFIRMATION OF PLAN OF
REORGANIZATION DATED DECEMBER 12, 2018, AS MODIFIED OR AMENDED**

Texas Raw Oil & Gas, Inc., Gold Star Energy, LLC, and Oljeinvest, LLC ("Texas Raw, Et Al") and files this Limited Conditional Objection to Plan of Reorganization Dated December 12, 2018, as Modified or Amended, and for cause would respectfully show:

1. Texas Raw, Et Al has negotiated a settlement of its objections to the Plan of Reorganization dated December 12, 2018, as Modified or Amended ("Plan").

2. The settlement provides for the inclusion in the order confirming the Plan ("Confirmation order") of the following language:

> "Notwithstanding anything to the contrary in the Plan, Disclosure Statement, or this Confirmation Order, the rights, claims, causes of action, and/or remedies asserted by Texas Raw Oil & Gas, Inc., Gold Star Energy, LLC and Oljeinvest, LLC, plaintiffs in the Amended Petition ("Texas Raw ET AL") in Case No. CJ-2018-85 pending in the District Court in and for Kingfisher County ("Oklahoma Case") shall be unimpaired under, and shall survive, Confirmation of the Plan, as it may be further amended or modified. Additionally, nothing in the Plan or Confirmation Order releases any Entity other than the Debtors, the Reorganized Debtors, or their Estates from any claim or Cause of Action of Texas Raw ET AL.  On and after the Effective Date, and subject to the occurrence of the Effective Date:  (a) Texas Raw ET AL shall not be subject to or prevented by the injunction set forth in paragraph F in Article VIII of the Plan, or the automatic stay under 11 U.S.C. § 362(a), from pursuing their rights, claims, causes of action and/or remedies set forth in the Amended Petition in the Oklahoma Case, or other court of competent jurisdiction; and (b) the Reorganized Debtors shall not assert in any proceeding that the Plan or Confirmation of the Plan, or any discharge granted under 11 U.S.C. § 1141, affects the rights, claims, causes of action, and/or remedies of Texas Raw ET AL asserted in the Amended Petition in the Oklahoma Case.  All rights, claims, causes of action, and/or remedies of the Reorganized Debtors in connection with the Oklahoma Case are reserved

as well."

3. The further agreement is that certain executory contracts referenced in the Amended Petition in the Oklahoma Case will be assumed under 11 U.S.C. § 365.

4. The agreements of the Debtor are memorialized in the two emails from Debtor's counsel, John Luze, attached hereto and incorporated herein by reference for all purposes as **Exhibits "1" & "2"**.

5. Assuming that these two conditions are met, Texas Raw, et al withdraws all objections to confirmation of the Plan.

Respectfully submitted this 17th day of December 2018.

> */s/ Leonard H. Simon*
> Leonard H. Simon
> TBN: 18387400; SDOT: 8200
> 2777 Allen Parkway, Suite 800
> Houston, Texas 77019
> (713) 528-8555 (Main)
> (713) 737-8207 (Direct)
> (832) 202-2810 (Telecopy)
> lsimon@pendergraftsimon.com
>
> **ATTORNEY FOR TEXAS RAW OIL & GAS, INC., GOLD STAR ENERGY, LLC, AND OLJEINVEST, LLC**

**OF COUNSEL:**

**PENDERGRAFT & SIMON, LLP**
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 528-8555 (Main)
(713) 868-1267 (Telecopy)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case on December 17, 2018.

*/s/ Leonard H. Simon*