UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| **GASTAR EXPLORATION, INC.** | § | Case No. 18-36057 (MI) |
| *et al.*,[1] | § | |
| | § | |
| | § | |
| **Debtors.** | § | (Jointly Administered) |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE
TO THE JOINT PREPACKAGED PLAN OF REORGANIZATION (AS MODIFIED)
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

TO THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Henry G. Hobbs, Jr., the Acting United States Trustee for Region 7, by and through the undersigned counsel, who respectfully objects to the *Joint Prepackaged Plan of Reorganization (As Modified) Pursuant to Chapter 11 of the Bankruptcy Code* (the "Modified Plan") [Doc. No. 238], and represents as follows:

### I.     Preliminary Statements

1.     The Modified Plan does not satisfy the requirements of section 1129(a) of the Bankruptcy Code and is therefore un-confirmable. First, the Releases are not supported by independent consideration, agreement or specific action by or for certain of the Released, Releasing and Exculpated Parties; and Second, the Modified Plan improperly provides broad third party releases, exculpations and injunctions, in violation of section 524(e) of the Bankruptcy Code and applicable Fifth Circuit law.

2.     As currently drafted, the Modified Plan does not meet the requirements of 11 U.S.C. § 1129. In the absence of amendments to deal with such matters as are noted below, the UST recommends that the Court deny confirmation of the Modified Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685). The location of the Debtors' service address is: 1331 Lamar Street, Suite 650, Houston, Texas 77010.

1

## II. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

3. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b) (2). Venue is proper in this district under 28 U.S.C. § 1408.

4. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Acting United States Trustee consents to the entry of a final order or judgment by this Court in this matter.

5. Henry G. Hobbs, Jr. is the duly appointed Acting United States Trustee for Region 7, Southern and Western Districts of Texas, under 28 U.S.C. § 581(a) (7).

6. Pursuant to 11 U.S.C. § 307, the Acting United States Trustee has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

7. Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

## III. Factual Background

8. On October 31, 2018 (the "Petition Date"), the Debtors filed petitions seeking relief under chapter 11 of the Bankruptcy Code. Since the orders for relief under chapter 11 were entered, the Debtors have operated as debtors in possession under 11 U.S.C. §§ 1107(a) and 1108. *See* Doc. No. 1.

9. On October 31, 2018, the Court entered the Order directing joint administration of these bankruptcy cases. *See* Doc. No. 18.

10. On December 12, 2018, the Debtors filed the Modified Plan. *See* Doc. Nos. 238.

11. The Plan includes various Debtor and third party releases, exculpations, and injunctions. *See* Doc. No. 238 at 43 - 46.

12. A hearing on the Plan is currently set for December 20, 2018 at 1:30 p.m.

## IV. Grounds for Objection

**A.     The Plan fails to satisfy the Requirements for Confirmation under Sections 1129(a) (1)**

13.     Section 1129(a) of the Bankruptcy Code sets forth the requirements for confirming a chapter 11 plan on a consensual basis, when each impaired class of claims votes to approve the plan. Among other things, a plan must comply with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a) (1).

14.     The Debtors bear the burden of establishing that the Plan complies with all of the elements of section 1129. *In re Cypresswood Land Partners, I,* 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009) ("The Debtor, as the proponent of the [plan], has the burden of proving that all elements of 11 U.S.C. § 1129(a) are satisfied.") (citing *In re Internet Navigator Inc.,* 289 B.R. 128, 131 (Bankr. N.D. Iowa 2003)).

15.     Under section 1129(a) of the Bankruptcy Code, debtors must carry their burden by a preponderance of the evidence. *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters. (In re Briscoe Enters. Ltd. II),* 994 F.2d 1160, 1165 (5th Cir. 1993), *cert. denied,* 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 451 (1993) ("[p]reponderance of the evidence is the debtor's appropriate standard of proof . . . under § 1129(a). . .); *In re T-H New Orleans Ltd. Partnership,* 116 F.3d 790, 801 (5th Cir. 1997); *In re Star Ambulance Serv., LLC,* 540 B.R. 251, 259 (Bankr. S.D. Tex. 2015) ("As proponent of the Plan, the Debtor must establish by a preponderance of the evidence that each of the confirmation requirements set forth in Bankruptcy Code § 1129 has been met.").

16.     Pursuant to section 1129(a) (1) of the Bankruptcy Code, a plan must comply with all applicable provisions of the Bankruptcy Code. The Plan in this case, however, fails to satisfy this requirement for several reasons. Specifically, (i) the Releases are not supported by independent consideration, agreement or specific action by or for certain Released, Releasing and Exculpated Parties, and (ii) the Plan violates the prohibition against non-debtor third party releases under section 524(e) of the Bankruptcy Code and Fifth Circuit case law.

**B.     The Releases are not supported by Consideration, Agreement or Specific Action by or for certain Released and Releasing Parties**

17.     The Plan contains broad Releases, Exculpations and Injunctions (the "Release Provisions") [i]. *See* Doc. No. 238 at 43-46. The Plan specifically defines Affiliates, Entity, Exculpated Parties, Released Parties, and Releasing Parties.[ii] *See* Doc. No. 238 at 5, 9, 13 and 14.

18.     As it applies to Releases by the Debtors, the Release Provisions essentially provide that for good and valuable consideration, Debtors, Reorganized Debtors and their Estates will

3

release and discharge the Released Parties from any and all Claims and Causes of Action. Released Parties also includes the following parties which do not appear to be related to, active with or connected to the Debtors, Creditors or parties in interest:

> … and (r) with respect to each of the foregoing entities in clauses (a) through (r), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, participants, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, limited partners, general partners, attorneys, advisors, accountants, investment bankers, consultants, representatives, and other professionals.

*See* Doc. No. 238 at 13 and 14.

19. As it applies to Releases by Holders of Claims and Interests, the Release Provisions essentially provide that the Releasing Parties are releasing and discharging the Released Parties from any and all Claims and Causes of Action. Releasing Parties also includes the following parties which do not appear to be related to, active with or connected to the Debtors, Creditors or parties in interest:

> … and (s) with respect to each of the foregoing entities in clauses (a) through (s), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, participants, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, limited partners, general partners, attorneys, advisors, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively. Notwithstanding anything to the contrary in this Plan or the Confirmation Order, in no event shall any holder of an Interest in Gastar, in its capacity as such, be a "Releasing Party."

*See* Doc. No. 238 at 14.

20. As it applies to Exculpated Parties, the Release Provisions essentially provide that the Exculpated Parties have no liability for and are released and exculpated from any and all and all Claims and Causes of Action. Exculpated Parties also includes the following parties which do not appear to be related to, active with or connected to the Debtors, Creditors or parties in interest:

> …and (iii) with respect to each of the foregoing, such Entity and its current and former Affiliates, and such Entity's and its current and former Affiliates' current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

*See* Doc. No. 238 at 9

21. It does not appear that the individuals, entities or parties identified in paragraphs 18, 19 or 20 have given or received anything which justifies the exculpations or releases. In exchange for its agreement to the release, a creditor or interest holder must receive independent, valuable consideration for there to be a valid settlement. *In re Bigler LP*, 442 B.R. 537, 543-5 (Bankr. S.D. Tex. 2010); *see also In re Arrowmill Dev. Corp.*, 211 B.R. 497, 506-07 (Bankr. D.N.J. 1997).

22. These individuals, entities or parties have not been provided notice of the Modified Plan, have not been given an opportunity to vote or opt out and may well not be aware they are giving and receiving releases. Debtors need to demonstrate and establish by competent proof what independent, valuable consideration, "good and valuable consideration" or otherwise has been provided by or to these parties justify what is in effect a gratuitous release and exculpation. Absent proof and evidence of same, the Modified Plan should not be confirmed.

C.    **The Release Provisions are Overbroad**

23. The Debtors must prove how the proposed third party releases, exculpations and injunctions the Debtors propose meet the requirements set forth by Fifth Circuit case law. The Debtors have not demonstrated in any way, nor to any degree, the appropriateness of the proposed provisions. The Fifth Circuit Court of Appeals has held that non-consensual, non-debtor releases and injunctions are prohibited under section 524(e) and must be struck from plans. *In re Pacific Lumber Co.*, 584 F.3d 229, 252-53 (5th Cir. 2009). In *Pacific Lumber Co.*, the Fifth Circuit evaluated a plan that released and exculpated various parties from liability relating to proposing, implementing, and administering the plan, other than for gross negligence and willful misconduct. It further clearly stated its view:

> In a variety of contexts, this court has held that Section 524(e) only releases the debtor, not co-liable third parties. *See, e.g., In re Coho Resources, Inc.,* 345 F.3d 338, 342 (5th Cir. 2003); *Hall v. National Gypsum Co.,* 105 F.3d 225, 229 (5th Cir. 1997); *Matter of Edgeworth,* 993 F.2d 51, 53-54 (5th Cir. 1993); *Feld v. Zale Corporation,* 62 F.3d 746 (5th Cir. 1995). These cases seem broadly to foreclose non-consensual non-debtor releases and permanent injunctions.

> MRC/Marathon suggests we adopt a more lenient approach to non-debtor releases taken by other courts. . .  Besides conflicting with *Feld v. Zale Corp.*, these cases all concerned global settlements of mass claims against the debtors and co-liable parties. . . . In fact, the Bankruptcy Code now permits bankruptcy courts to enjoin third-party asbestos claims under certain circumstances, 11 U.S.C. § 524(g), which suggests non-debtor releases are most appropriate as a method to channel mass claims toward a specific pool of assets. . . .  There are no allegations in this record that either MRC/Marathon or their or the Debtor's officers or directors were jointly liable for any of [the debtors'] pre-petition debt.  They are not guarantors or sureties, nor are they insurers.  Instead, the essential function of the exculpation clause proposed here is to absolve the released parties from any negligent conduct that occurred during the course of the bankruptcy.  The fresh start § 524(e) provides to debtors is not intended to serve this purpose.

In re Pacific Lumber Co., 584 F.3d at 252.

24.    Additionally, the Court in Pacific Lumber specifically held that the fresh start of section 524(e) provided to debtors is not intended to serve this purpose of releasing parties from any negligent conduct that occurred during the course of the bankruptcy. Id. at 252-53.  The Fifth Circuit further held that only the creditors' committee and its members, as the only disinterested volunteers, could obtain a release under this provision, and struck the provision as to all other parties. Id.  See also *In re Vitro S.A.B. de CV*, 701 F.3d 1031 (5th Cir. 2012); *In re Bigler LP*, 442 B.R. 537 (Bankr. S.D. Tex. 2010); and *In re Patriot Place, Ltd.*, 486 B.R. 773 (Bankr. W.D. Tex. 2013).

25.    Section 524(e) of the Bankruptcy Code prohibits the release and permanent injunction of claims against non-debtors in most circumstances.  See 11 U.S.C. § 524(e) ("Except as provided in subsection (a)(3) . . . discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.").  Coupled with the interpretation of this code section by the Fifth Circuit, the Plan and the overly broad release, injunction and exculpation clauses do not appear to be supported by any legal basis.

26.    As reflected above, the Release Provision broadly operate to effectively immunize a host of non-debtor third parties from any and all claims.  Debtors must establish why these provision are acceptable under current law.

### V.    Reservation of Rights

27.    The Acting United States Trustee reserves his rights to object to other deficiencies or amendments at the hearing on the Modified Plan.  Moreover, the United States Trustee is concerned that to the extent that amendments to the Modified Plan are filed after the objection deadlines or before hearings, that the parties will be deprived of proper notice as required under

Bankruptcy Rule 2002; accordingly, the Acting United States Trustee also reserves his rights to object on the grounds that any amendments should require proper notice under the Bankruptcy Rules with adequate time to object.

**WHEREFORE,** the Acting United States Trustee respectfully requests that this Court enter an order which denies confirmation until the Debtors cure the defects cited herein, provide the additional information and disclosures needed and otherwise cure the objections presented herein and for any and all further relief as may be equitable and just.

Dated: December 17, 2018                    Respectfully Submitted,

                                                      HENRY G. HOBBS, JR.
                                                      ACTING UNITED STATES TRUSTEE

                                                      By: /s/ Stephen D. Statham
                                                      Stephen D. Statham, Trial Attorney
                                                      Texas Bar No. 19082500
                                                      515 Rusk, Suite 3516
                                                      Houston, TX 77002
                                                      Telephone:  (713) 718-4650 x 242
                                                      Facsimile:  (713) 718-4670

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was served by electronic means on all PACER participants on this 17th day of December, 2018.

                                                      /s/ Stephen D. Statham
                                                      Stephen D. Statham, Trial Attorney

---

[i] *Releases by the Debtors:* Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocable and forever, released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, or because of the foregoing entities, from any and all Causes of Action, including any derivative claims…

*Releases by Holders of Claims and Interests:* Except as otherwise expressly set forth in this Plan or the Confirmation Order, on and after of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party hereby releases and discharges, and is deemed to have released and discharged, conclusively, absolutely, unconditionally, irrevocably and forever, each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise (including any aims, asserted on behalf of the Debtors) that such Entity would have been legally entitled to assert …

*Exculpation:* Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases …

*Injunction:* Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:…

[ii] "*Affiliate*" has the meaning set forth in section 101(2) of the Bankruptcy Code.

"*Entity*" has the meaning set forth in section 101(15) of the Bankruptcy Code.

"*Exculpated Parties*" means, collectively, and in each case in its capacity as such: (i) the Debtors; (ii) any official committees appointed in the Chapter 11 Cases and each of their respective members; and (iii) with respect to each of the foregoing, such Entity and its current and former Affiliates, and such Entity's and its current and former Affiliates' current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

"*Released Party*" means each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Parties; (d) the Term Lenders; (e) the Second Lien Noteholders; (f) the Ares Equity Holders; (g) the Term Agent; (h) the Second Lien Trustee; (i) the DIP Lenders; (j) the DIP Agent; (k) the First Lien Exit Facility Lenders; (l) the First Lien Exit Facility Agent; (m) the Second Lien Exit Facility Lenders; (n) the Second Lien Exit Facility Agent; (o) the Hedge Parties; (p) Schlumberger Technology Corporation; (q) the Supporting Interest Holders; and (r) with respect to each of the foregoing entities in clauses (a) through (r), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, participants, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, limited partners, general partners, attorneys, advisors, accountants, investment bankers, consultants, representatives, and other professionals.

"*Releasing Parties*" means each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Parties; (d) the Term Lenders; (e) the Second Lien Noteholders; (f) the Ares Equity

Holders; (g) the Term Agent; (h) the Second Lien Trustee; (i) the DIP Lenders; (j) the DIP Agent; (k) the First Lien Exit Facility Lenders; (l) the First Lien Exit Facility Agent; (m) the Second Lien Exit Facility Lenders (n) the Second Lien Exit Facility Agent; (o) the Hedge Parties; (p) all holders of Claims; (q) Schlumberger Technology Corporation; (r) the Supporting Interest Holders; and (s) with respect to each of the foregoing entities in clauses (a) through (s), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, participants, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, limited partners, general partners, attorneys, advisors, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively. Notwithstanding anything to the contrary in this Plan or the Confirmation Order, in no event shall any holder of an Interest in Gastar, in its capacity as such, be a "Releasing Party."