

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
03/29/2019

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| GASTAR EXPLORATION INC., *et al.*,[1] | § § § | Case No. 18-36057 (MI) |
| Reorganized Debtors. | § § § § | (Jointly Administered) |
| | | Re: Docket No. 326 |

**FINAL DECREE CLOSING THE CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned Reorganized Debtors for entry of a Final Decree pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the chapter 11 cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Gastar Exploration Inc. (1640), and Northwest Property Ventures LLC (8685). The location of the Debtors' service address is: 1331 Lamar Street, Suite 650, Houston, Texas 77010.

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Motion.

set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following chapter 11 cases of the Reorganized Debtors are hereby closed; *provided* that this Court shall retain jurisdiction as provided in Article XI of the Plan:

| Debtor | Case No. |
|---|---|
| Gastar Exploration Inc. | 18-36057 |
| Northwest Property Ventures LLC | 18-36059 |

2. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code.

3. The Reorganized Debtors, no later than fourteen (14) days after the date of entry of the Final Decree, shall file a post-confirmation report for the first quarter of 2019 through the date of entry of the Final Decree and shall serve a true and correct copy of said statements on the Acting United States Trustee.

4. The Reorganized Debtors, no later than fourteen (14) days after the date of entry of the Final Decree, shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) by remitting payment to the United States Trustee Payment Center, P.O. Box 530202, Atlanta, Georgia, 30353-0202, and shall furnish evidence of such payment to the Acting United States Trustee, 515 Rusk, Suite 3516, Houston, Texas.  The payment shall reflect the Reorganized Debtors' account numbers and shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the Acting United States Trustee.  This Court shall retain jurisdiction to enforce payment of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

5. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

6. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

7. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Reorganized Debtors, or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors, or any other parties in interest under the Bankruptcy Code or any other applicable law.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

Signed:
March 29, 2019

_____
Marvin Isgur
United States Bankruptcy Judge